OPINION OF THE COURT
Albert Tomei, J.
By Kings County indictment number 10785/96, the defendant stands charged with attempted murder in the second *698 degree (three counts), assault in the first degree (three counts), assault in the second degree (three counts), criminal possession of a weapon in the second degree (three counts), and criminal possession of a weapon in the third degree (three counts). In a motion dated October 4, 1996, the defendant moves to dismiss the indictment on the grounds that the evidence before the Grand Jury was legally insufficient and the proceedings were defective. Among other things, the defendant alleges that certain counts in the indictment must be dismissed because the prosecution was not commenced within five years of the occurrence of the alleged crimes, as required by CPL 30.10 (2) (b). In a response dated October 21, 1996, the People rely upon the tolling provision codified in CPL 30.10 (4) (a) (ii) in asserting that the prosecution is not time barred because the five-year limitations period was tolled during the time that the defendant’s whereabouts were unknown.
Factual Background
In the present indictment, the defendant is charged with three attempted murders and related crimes; according to the People, the defendant is the "Zodiac Killer”, responsible for a series of shootings and murders that occurred in Brooklyn and Queens from 1990 to 1994. The crimes encompassed by counts one through five of the present indictment are alleged to have occurred "on or about March 8,1990”. The crimes encompassed by counts 6 through 10 are alleged to have occurred "on or about March 29, 1990”. The remaining counts involve crimes that are alleged to have occurred "on or about October 2,1993”. All of the charged crimes are felonies.
The indictment was voted and filed on August 20, 1996. Therefore, the prosecution was commenced almost six and one-half years after the occurrence of the crimes alleged in counts 1 through 10. The defense does not claim that counts 11 through 15, pertaining to crimes that allegedly occurred on or about October 2, 1993, are time barred.
By affirmation, the People assert the following facts:
(1) Although the defendant wrote letters to the police and to a newspaper in which he claimed that he was responsible for a number of shootings, he identified himself in those letters only as "Zodiac”.
(2) On June 1, 1990, the New York City Police Department formed a "Zodiac Task Force” comprised of 65 detectives whose sole responsibility was to investigate the Zodiac shootings.
(3) This task force was disbanded on November 30, 1990, but was re-formed on August 8, 1994 in the wake of new killings *699 believed to have been committed by the Zodiac killer. The reconstituted task force was comprised of 25 detectives. It was disbanded on April 30, 1995.
(4) Although the second task force was disbanded in 1995, investigation into the shootings and killings continued until the date of the defendant’s arrest on June 18, 1996.
According to the People, the police were not aware of the whereabouts of the defendant or his identity as the alleged shooter until June 18, 1996, when he was arrested in connection with another case.
The People do not allege that the defendant was outside the State during any part of the relevant time period. Furthermore, they do not allege that the defendant took any affirmative steps to conceal the fact of his crimes, his identity, or his location.
Conclusions of Law
CPL 30.10 provides, in pertinent part, that a prosecution for any felony, other than a class A felony, must be commenced within five years after the commission thereof. (See, CPL 30.10 [2] [a], [b].) In the instant case, it is undisputed that the crimes alleged in counts 1 through 10 of the indictment — none of which are class A felonies — occurred in March 1990, and the indictment was filed on August 20, 1996. Thus, more than six years passed between the commission of those alleged crimes and the commencement of the action. However, in calculating the time limitation applicable to the commencement of a criminal action, the following periods are excluded: "(a) Any period following the commission of the offense during which (i) the defendant was continuously outside this state or (ii) the whereabouts of the defendant were continuously unknown and continuously unascertainable by the exercise of reasonable diligence.” (See, CPL 30.10 [4] [a] [i], [ii].)
According to the People, the court should apply CPL 30.10 (4) (a) (ii) — tolling the Statute of Limitations during the entire period — since the People were continuously unaware of the defendant’s identity as the perpetrator, much less his whereabouts, and his whereabouts remained continuously unascertainable despite their exercising reasonable diligence to find the killer. The defendant asserts, somewhat cryptically, that the tolling provision is "simply inapplicable [to his case] because the 'whereabouts’ of the defendant are not at issue”. (See, defendant’s motion, at 8.) Apparently, it is the defendant’s contention that the term "whereabouts” refers to the defen *700 dant’s location, not his identity, and since the police had no way of knowing that the defendant was the perpetrator, the People cannot claim that the police made continuous, reasonable efforts to determine the defendant’s whereabouts.
The question before the court — one of apparent first impression — is whether the provision excluding from the limitations period the time during which the "whereabouts of the defendant” were continuously unknown and continuously unascertainable by exercise of reasonable diligence applies to the time during which the identity of the perpetrator remains unknown, despite police efforts to identify the perpetrator.
The court’s analysis of the legal issue must begin with the purpose of the Statute of Limitations. The Statute of Limitations, codified in CPL 30.10, represents a public policy to " 'limit exposure to criminal prosecution to a certain fixed period of time following the occurrence of those acts the legislature has decided to punish by criminal sanctions.’ ” (People v McAllister, 77 Misc 2d 142, 144 [Crim Ct, Kings County 1974], quoting Toussie v United States, 397 US 112, 114.) It is predicated largely upon three considerations: (1) the difficulty in having to defend against a charge when basic facts may have become obscured by the passage of time; (2) amelioration of the fear of punishment for acts in the distant past; and (3) encouragement of prompt investigation of criminal activity. (See, Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 30.10, at 135, citing Toussie v United States, supra.)
Limitation provisions " 'are to be liberally construed in favor of the defendant, not only because such liberality of construction belongs to all acts of amnesty and grace, but because the very existence of the statute is a recognition and notification by the Legislature of the fact that time, while it gradually wears out proofs of innocence, has assigned to it fixed and positive periods in which it destroys proofs of guilt.’ ” (People v McAllister, 77 Misc 2d 142, 144, supra.)
The provision in question excludes from the limitations period "[a]ny period following the commission of the offense during which * * * the whereabouts of the defendant were continuously unknown and continuously unascertainable by the exercise of reasonable diligence.” (See, CPL 30.10 [4] [a] [ii].) The term "whereabouts” is not defined by the statute, therefore, the court must give the term its ordinary meaning. (See, McKinney’s Cons Laws of NY, Book 1, Statutes § 232.) "Whereabouts” is commonly defined as "the place or general *701 locality where a person or thing is”. (Webster’s Third New International Dictionary 2602 [unabridged 1986 ed].) Logically, if one is to inquire as to the "place * * * where a person * * * is”, it is a necessary prerequisite that one must know that person’s identity. Thus, it appears from the plain words of the statute that the Legislature intended CPL 30.10 (4) (a) (ii) to operate when the identity of the perpetrator is known, but his location is not. Had the Legislature intended the tolling provision to operate when the identity of the perpetrator was unknown, and not merely his whereabouts, it could have used different or additional language to express this intent.
The requirement of "reasonable diligence” also bolsters the conclusion that "whereabouts” refers to location. In the ordinary case, the police would not exercise "reasonable diligence” for a period of five years or more to determine the identity of an unknown criminal perpetrator. In most instances, the investigation is either resolved or effectively abandoned within a matter of a few months, at most. Therefore, it is most likely that the reasonable diligence contemplated by the statute refers to efforts to determine the whereabouts of a known perpetrator located within the State,* a much less daunting task, and one that is more likely to continue for an extended period. Indeed, the court has not identified and the People have failed to cite any precedents construing the tolling provision other than those in which the police were aware of the identity of the perpetrator. (See, e.g., People v Landy, 125 AD2d 703, 704-705 [2d Dept 1986] [minimal efforts to locate defendant who had jumped bail were found to be insufficient to toll limitations period]; People v Lennertz, 156 Misc 2d 88, 94 [Crim Ct, NY County 1992] [complainant’s lone efforts to locate defendant, one of his co-workers, were insufficient to establish reasonable diligence, where even minimal police effort to locate defendant would have led to his apprehension].)
Lastly, in construing the tolling provision, the court must be mindful of its obligation to implement the intent of the Legislature while interpreting the statute in favor of the accused. It is apparent that the Statute of Limitations contemplates situations in which, despite efforts to identify the perpetrator of a crime, a criminal prosecution will be barred for failure to commence the action within the prescribed time period. Had the Legislature chosen to do so, it could have *702 decided that there should be no time limit to the commencement of criminal prosecutions; indeed, it has made precisely this judgment as to all class A felonies. (See, CPL 30.10 [2] [a].) The Legislature’s choice to place a five-year limitation on all other felonies reflects a deliberate policy that the court cannot ignore. As another court has commented, "It is to the public interest that those accused upon sufficient evidence and in proper form of crime be tried, the question of their guilt determined, and if guilty convicted, and to this end that a reasonable time be afforded the authorities in every case to ascertain whether a crime has been committed and by whom, and to apprehend and bring to trial the accused. It is likewise to the public interest as safeguarding against wrongful accusation to fix within definite limits the periods during which accusations for crime must be made.” (People v Buccolieri, 91 Misc 156, 163 [Ct Gen Sess, NY County 1914] [emphasis supplied].)
Perhaps the Legislature should consider whether to lengthen or abolish the limitations period for a crime as serious as attempted murder. Perhaps the Legislature should consider whether to amend the tolling provision to exclude from the limitations period the time during which the identity of the perpetrator remains unknown despite the exercise of reasonable diligence to determine who committed the crime. However, it is not for the court to consider whether a statute, as written, is unwise or undesirable. (See, McKinney’s Cons Laws of NY, Book 1, Statutes § 73; People v Kupprat, 6 NY2d 88, 90 [1959].) Rather, the court must take the provisions of the statute as it finds them, and give them the effect of their plain meaning.
CPL 30.10 (4) (a) allows for two circumstances in which the limitations period is tolled: either the defendant must have been outside the State, or his whereabouts must have been continuously unknown and continuously unascertainable by the exercise of reasonable diligence. To expand this provision, as urged by the People, would mean ignoring the plain meaning of the statute and frustrating the purpose of CPL 30.10, which is to ensure that criminal prosecutions are brought upon proof that is reasonably fresh, and within such time as to afford the accused an opportunity to develop exculpatory evidence.
Taking into account the plain words of the statute and the Legislature’s intent, there can be no doubt that the phrase "whereabouts of the defendant” refers to the location of the person who is alleged to have committed the crime, and not *703 the identity of an unknown perpetrator. In any event, it is clear that any purported ambiguity in the phrase must be resolved in favor of the defendant. Therefore, the court concludes that the tolling provision is not applicable in this case.
For the foregoing reasons, the motion to dismiss counts 1 through 10 of the indictment is granted. Counts 11 through 15 will remain in effect.

 CPL 30.10 (4) (a) (i) allows for tolling of the limitations period when the defendant is outside the State.