■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CRAIG HEDGES, Appellant. [672 NYS2d 137] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Pitts, J.), rendered July 14, 1997, convicting him of sodomy in the third degree, sexual abuse in the third degree, and endangering the welfare of a child, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court denied, after a hearing, the defendant's motion to dismiss the misdemeanor counts of the indictment as time-barred. CPL 30.10 (2) (c) provides that the prosecution for a misdemeanor must be commenced within two years after the commission of the offense. In calculating the time limitation applicable to the commencement of a criminal action, however, "[a]ny period following the commission of the offense during which * * * the defendant was continuously outside the state" is excluded (CPL 30.10 [4] [a]).

In the instant case, the four misdemeanor counts of the indictment (counts two through five) allege on their face that the underlying incidents took place between April 1992 and September 1992. The defendant was indicted in early January 1996. However, the hearing testimony established that the defendant had moved to Virginia in June of 1993 and resided there through the filing of the indictment in January of 1996 and, thus, the Statute of Limitations was tolled during this time by his continuous absence from New York (*see,* CPL 30.10 [4] [a]). Excluding the time period of June 1993 to January 1996 from the calculation, the action was commenced well within the Statute of Limitations.

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a

reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's remaining contentions are without merit. Bracken, J. P., Thompson, Pizzuto and Florio, JJ., concur.