■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DANIEL KNOBEL, Respondent. [687 NYS2d 163] —Appeal by the People from an order of the County Court, Nassau County (Boklan, J.), dated August 20, 1998, which granted the defendant's motion to dismiss the indictment.

Ordered that the order is reversed, on the law, and the indictment is reinstated.

Contrary to the defendant's contentions, the toll of the Statute of Limitations set forth in CPL 30.10 (4) is applicable under the circumstances presented. CPL 30.10 (2) (b) provides that the prosecution for a non-class-A felony must be commenced within five years after the commission of the offense. However, in calculating the time limitation applicable to the commencement of a criminal action, "[a]ny period following the commission of the offense during which * * * the defendant was continuously outside this state" is excluded (CPL 30.10 [4] [a] [i]).

Here, the two non-class-A felony counts of the indictment allege that the underlying incidents took place on July 4, 1988. The defendant was indicted on February 24, 1998. However, the defendant stated in his affidavit that he moved out of New York in late December 1991 and continues to reside outside New York. Notwithstanding the defendant's statements that he returned to New York on numerous occasions to visit his family and for business reasons, his visits to New York were brief and sporadic and he returned to his home outside New York after each visit. Thus, his absence from New York was continuous within the meaning of CPL 30.10 (4) (a) (i), and the Statute of Limitations was tolled in December 1991 (see, CPL 30.10 [4] [a] [i]; People v Hedges, 249 AD2d 562). Excluding from the calculation the period of time from December 1991 to February 24, 1998, it is clear that the action was commenced well within the Statute of Limitations. Miller, J. P., Thompson, Friedmann and Florio, JJ., concur.