OPINION OF THE COURT
 

 Ciparick, J.
 

 In this prosecution for multiple attempted murders, we must decide whether the tolling provision of CPL 30.10 (4) (a) (ii), which excludes from the Statute of Limitations period any time during which the whereabouts of a defendant are continuously unknown and unascertainable by the exercise of reasonable diligence, applies to the time during which the identity of the defendant — known initially only as “The Zodiac” — remained unknown, notwithstanding intense police efforts to identify and find him. We hold that it does.
 

 I.
 

 In this 15-count indictment, defendant stands accused of three counts of attempted murder in the second degree and re
 
 *309
 
 lated felony charges of assault and criminal weapons possession stemming from three separate shooting incidents. Only the first two shootings, which occurred in Brooklyn in March 1990, are at issue on this appeal.
 
 *
 

 Defendant allegedly authored letters to the police and the New York Post claiming responsibility for these and other shootings, and identifying himself only as “The Zodiac.” From 1990 until 1996, the police conducted extensive investigations in an effort to find the so-called “Zodiac Killer.” In particular, on June 1, 1990, the police set up a “Zodiac Task Force,” which consisted of approximately 65 detectives assigned exclusively to the investigation of this case. This task force was disbanded on November 30, 1990. On August 8, 1994, following additional shootings allegedly committed by The Zodiac, the police established a second task force of 25 detectives. This second task force was disbanded on April 30, 1995. The People maintain, however, that investigation of the case continued until the arrest of defendant on June 18, 1996. Defendant was indicted on August 20, 1996.
 

 In Supreme Court, as part of his omnibus motion, defendant moved to dismiss counts 1 through 10 of the indictment, relating to the two March 1990 shootings. Defendant argued that, because the prosecution was not commenced until over six years after the alleged crimes, these charges were time-barred by the applicable five-year Statute of Limitations
 
 (see,
 
 CPL 30.10 [2] [b]). The People countered that the running of the Statute of Limitations was tolled by CPL 30.10 (4) (a) (ii), which excludes from the period of limitations any time during which the defendant’s “whereabouts” are “continuously unknown and continuously unascertainable by the exercise of reasonable diligence.” The People assert that because they were continuously unaware of the defendant’s identity as the alleged perpetrator, they were thus also continuously unaware of his whereabouts, notwithstanding the considerable efforts of the police to find him.
 

 Supreme Court granted defendant’s motion and dismissed the first 10 counts of the indictment (170 Misc 2d 697). The court held that CPL 30.10 (4) (a) (ii) applied only where the identity of the perpetrator was known, but his location was not, limiting the scope of the statutory language “whereabouts
 
 *310
 
 of the defendant” to the “location of the person who is alleged to have committed the crime, and not the identity of an unknown perpetrator”
 
 (id.,
 
 at 702-703). A unanimous Appellate Division reversed and reinstated the dismissed counts (246 AD2d 675). The Court held that the statute “does not condition the applicability of the toll upon the People’s knowledge of the defendant’s identity,” and declined to “read such an unstated, additional requirement into the law”
 
 (id.,
 
 at 676). A Judge of this Court granted defendant leave to appeal, and we now affirm.
 

 II.
 

 CPL 30.10 (2) (b) provides that a prosecution for any felony other than a class A felony “must be commenced within five years after the commission thereof.” This general period of limitations is, however, subject to a number of tolling exceptions, including that of CPL 30.10 (4) (a), which provides:
 

 “In calculating the time limitation applicable to commencement of a criminal action, the following periods shall not be included:
 

 “(a) Any period following the commission of the offense during which (i) the defendant was continuously outside this state or (ii) the whereabouts of the defendant were continuously unknown and continuously unascertainable by the exercise of reasonable diligence. However, in no event shall the period of limitation be extended by more than five years beyond the period otherwise applicable under subdivision two.”
 

 With regard to the March 1990 shootings, the People did not commence their prosecution of defendant until roughly six years and five months had elapsed, exceeding the five years allowed them under CPL 30.10 (2) (b). Thus, unless the People can establish that this period was properly tolled, prosecution of the 10 counts at issue will be time-barred.
 

 As there is no true issue that, prior to defendant’s arrest, the identity of “The Zodiac Killer” and his location were “continuously unknown and continuously unascertainable by the exercise of reasonable diligence,” resolution of this case turns on the construction of the phrase “whereabouts of the defendant,” as used in CPL 30.10 (4) (a) (ii). Looking first, as we must, to the plain meaning of the statutory terms, we note that “whereabouts” means “the place in or near which a person or thing is” (Oxford English Dictionary [2d ed 1989]).
 

 
 *311
 
 Defendant posits that “whereabouts” refers to an individual’s location, and not to the individual’s identity — that the term refers to where a person is, not to who that person is. Defendant argues that since “whereabouts” and “identity” are discrete concepts, the Legislature must be deemed to have deliberately omitted the term “identity” from the statute. Defendant further contends that the tolling exception was meant to apply only to situations where the identity of the perpetrator has been established, but he or she cannot be found. Invoking the general rule of construction that criminal Statutes of Limitation are to be liberally construed in favor of defendant
 
 (see, Toussie v United States,
 
 397 US 112, 115), he suggests that the People should have the benefit of the toll only when a known defendant thwarts the investigation of the crime, as by fleeing the State, assuming an alias or going underground within the State.
 

 We decline to adopt such a strained interpretation and agree with the People and the Appellate Division in their interpretation of the statutory language — the toll is not conditioned on the People’s knowledge of the defendant’s identity. The police may be ignorant of the whereabouts of a perpetrator of a crime where they have identified the perpetrator but lack knowledge of his or her physical location, or where they have not identified the perpetrator at all and thus cannot determine where he or she is. The phrase “whereabouts of the defendant” must be deemed to include both situations.
 

 This straightforward construction also comports with the statute’s purposes and legislative history. Statutes of Limitation serve several purposes — they “protect individuals from having to defend themselves against charges when the basic facts may have become obscured by the passage of time”; they “minimize the danger of official punishment because of acts in the far-distant past”; and they “encourag[e] law enforcement officials promptly to investigate suspected criminal activity”
 
 (Toussie v United States, supra,
 
 397 US, at 114-115).
 

 In its enactment of CPL 30.10 (4) (a), the Legislature has carefully balanced the general policy in favor of avoiding prosecution of stale cases against the countervailing policy of ensuring that law enforcement officers have sufficient time to bring suspected criminals to justice by imposing important limitations on the tolling exceptions. The People may benefit from the toll for only those periods during which the defendant’s whereabouts remained unknown and were unascertainable through the exercise of reasonable diligence. Furthermore, the
 
 *312
 
 limitations period will be extended at most for five years. The focus of the tolling exception rests on the difficulty of finding the defendant whether or not the police are aware of his or her identity. The “reasonable diligence” requirement is certainly a deterrent to delaying an investigation, as no automatic toll is contemplated.
 

 Finally, defendant’s proposed construction of the toll finds little support in the history of the statute. Enacted in 1970 (see, L 1970, ch 996, § 1), CPL 30.10 (4) (a) is derived from section 143 of the former Code of Criminal Procedure. That statute provided, in pertinent part:
 

 “If, after the crime is committed, the defendant departs from the state, or if he remains within the state under a false name, the time of his absence or of such residence within the state under such false name is not a part of the time limited for the commencement of the prosecution. Only the time during which the defendant is an inhabitant of or usually or publicly a resident within the state * * * shall be computed as part of the time limited for the commencement of a prosecution.”
 

 Thus, the focus of CPL 30.10 (4) (a)’s predecessor statute was in fact on the conduct of the defendant, and whether the defendant openly maintained residence within the State.
 

 The present version of the statute, however, replaces the “false name” provision with the phrase “whereabouts of the defendant,” and eliminates the references to usual or public residence within the State. Instead, the plain language of the current tolling statute emphasizes the difficulty of apprehending a defendant who is outside the State or whose whereabouts are unknown, without regard to a showing of any specific intent of the defendant to thwart the prosecution by fleeing or hiding.
 

 In light of the extensive and prolonged police manhunts for “The Zodiac Killer,” there is ample record support for the Appellate Division’s finding that, during the six-plus year period from the March 1990 shootings until defendant’s arrest in June 1996, his whereabouts were continuously unknown and continuously unascertainable by the exercise of reasonable diligence. Thus, pursuant to CPL 30.10 (4) (a) (ii), the Statute of Limitations was tolled, and the counts of the instant indictment relating to the 1990 shootings are not time-barred.
 

 Accordingly, the order of the Appellate Division should be affirmed.
 

 
 *313
 
 Chief Judge Kaye and Judges Bellacosa, Smith, Levine, Wesley and Rosenblatt concur.
 

 Order affirmed.
 

 *
 

 The third shooting charged under this indictment also occurred in Brooklyn, in October 1993. Defendant is presently incarcerated pursuant to judgments of conviction for other homicides.