■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JEROME JORDAN, Respondent. [842 NYS2d 60]—

Appeal by the People from an order of the Supreme Court, Queens County (Eng, J.), dated December 15, 2005, which, upon

a decision of the same court also dated December 15, 2005, granted the defendant's motion pursuant to CPL 30.10 (2) (b) to dismiss the indictment as time-barred.

Ordered that the order is affirmed.

The Supreme Court properly determined that the indictment charging the defendant with tampering with physical evidence was time-barred. CPL 30.10 (2) (b) provides that the prosecution for a non-class A felony must be commenced within five years after the commission of the offense (see People v Knobel, 259 AD2d 499 [1999]). Here, it is undisputed that the defendant was not indicted for tampering with physical evidence until more than five years after the commission of that offense. Although the toll provided by CPL 30.10 (4) (a) (ii) with respect to any period during which "the whereabouts of the defendant were continuously unknown and continuously unascertainable by the exercise of reasonable diligence" applies to any period during which the police "have not identified the perpetrator at all and thus cannot determine where he or she is" (People v Seda, 93 NY2d 307, 311 [1999]), it cannot be read to exclude the period of time during which the police are unaware of the commission of the offense itself. Had the Legislature intended a more expansive application of the tolling provision, it could have so provided, as it did in CPL 30.10 (3) (a), (c). Since those provisions do not apply here, the Supreme Court properly dismissed the indictment as time-barred. Spolzino, J.P., Florio, Skelos and McCarthy, JJ., concur.