■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID HEIL, Appellant. [894 NYS2d 664]—

Appeal from a judgment of the Monroe County Court (Alex R. Renzi, J.), rendered November 21, 2007. The judgment convicted defendant, upon a jury verdict, of sexual abuse in the first degree (two counts) and endangering the welfare of a child.

It is hereby ordered that the judgment so appealed from is unanimously reversed on the law and as a matter of discretion

in the interest of justice, that part of the motion seeking to dismiss count three of the indictment is granted, that count of the indictment is dismissed, and a new trial is granted on counts one and two of the indictment.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts of sexual abuse in the first degree (Penal Law § 130.65 [3]) and endangering the welfare of a child (§ 260.10 [1]). The conviction stems from defendant's alleged abuse in April 2000 of a third-grade student in an elementary school where defendant was employed as a teacher. Defendant failed to preserve for our review his contention that the conviction of the sexual abuse counts is not supported by legally sufficient evidence (see People v Gray, 86 NY2d 10, 19 [1995]). In any event, that contention is without merit (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).

We reject the contention of defendant that County Court erred in denying those parts of his omnibus motion seeking to dismiss the counts of sexual abuse as time-barred. The period of limitation for those felonies is five years (see CPL 30.10 [2] [b]), but prosecutions involving a sexual offense under Penal Law article 130 that are committed against a child less than 18 years of age "shall not begin to run until the child has reached the age of eighteen or the offense is reported to a law enforcement agency or statewide central register of child abuse and maltreatment, whichever occurs earlier" (CPL 30.10 [3] [f]). Here, the offense was not reported to law enforcement until October 2006 and defendant was indicted one month later, well within the applicable period of limitation (see CPL 30.10 [2] [b]; [3] [f]). We reject defendant's contention that the period of limitation began to run in April 2000, when the school district was notified of the incident, inasmuch as the school district was not an agent of a law enforcement agency (cf. People v Rivera, 298 AD2d 612, 614 [2002], lv denied 99 NY2d 619 [2003]). Defendant's related due process contention is similarly without merit (cf. id.). We agree with defendant, however, that the court erred in denying that part of defendant's omnibus motion seeking to dismiss the count of endangering the welfare of a child as time-barred. The period of limitation for that misdemeanor was two years (see CPL 30.10 [2] [c]), and the tolling provision of CPL 30.10 (3) (f) does not apply to that offense (see generally People v Rogner, 265 AD2d 688 [1999]). We therefore dismiss the third count of the indictment.

Defendant failed to preserve for our review his contention that certain testimony of a teacher was improperly admitted because it was hearsay and improper opinion testimony. "A

party's failure to specify the basis for [his or her] general objection renders [the party's] argument unpreserved for . . . [appellate] review" (*People v Everson*, 100 NY2d 609, 610 [2003]; *see People v Jacque*, 2 AD3d 1362 [2003], *lv denied* 2 NY3d 741 [2004]; *People v Pierre*, 300 AD2d 1070 [2002], *lv denied* 99 NY2d 631 [2003]). We nevertheless exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]), and we agree with defendant that the court erred in admitting that testimony. The teacher testified that she entered defendant's classroom after school hours, after the alleged sexual abuse occurred. The testimony of the teacher concerning her observations, i.e., that the lights were not on in the room and the victim was sitting on defendant's lap at defendant's desk, was neither hearsay nor was it improper. The teacher then testified that she "felt uncomfortable" after she left the classroom, whereupon the court sustained defense counsel's objection and instructed the jury to disregard that testimony. The court erred, however, in then allowing the teacher to testify that she told another teacher that she had left defendant's classroom and "felt really uncomfortable," inasmuch as that testimony constituted inadmissible hearsay.

Contrary to the People's contention, the error is not harmless. The evidence against defendant is not overwhelming and, because the teacher's testimony is highly prejudicial, there is a significant probability that defendant would have been acquitted if not for the error (*see generally People v Crimmins*, 36 NY2d 230, 241-242 [1975]). The prosecutor elicited testimony from the teacher concerning the various teaching awards and accolades that she had received in her lengthy teaching career. The testimony of the teacher with respect to how she felt after leaving defendant's classroom was not relevant, but it may have led the jury to find that, if such a distinguished teacher believed that something was amiss between defendant and the victim, then it was more likely than not the abuse actually occurred. We therefore grant a new trial on counts one and two of the indictment. In light of our determination, we do not reach defendant's remaining contentions. Present—Centra, J.P., Peradotto, Carni, Pine and Gorski, JJ.