[907 NYS2d 59]

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v SANTOS QUINTO, Respondent.

Second Department, August 31, 2010

## APPEARANCES OF COUNSEL

*Charles J. Hynes, District Attorney*, Brooklyn (*Leonard Joblove* and *Seth M. Lieberman* of counsel), for appellant.

*Lynn W. L. Fahey*, New York City (*Anna Pervukhin* of counsel), for respondent.

## OPINION OF THE COURT

BELEN, J.

On November 8, 2002 the complaining witness, then 14 years old and pregnant, first told medical providers and then the police that she had been raped by a 14-year-old classmate in her school. Once inconsistencies in her story were revealed, she stated that she had engaged in consensual sex with this classmate. Five years later, in December 2007, the complainant, now age 19, reported to the police that the defendant, her stepgrandfather, had engaged in sexual intercourse with her several years before. The complainant testified before a grand jury that, over three time periods in 2002, the defendant raped her. The People filed an indictment on January 23, 2008 alleging that the defendant committed several felonies, misdemeanors, and violations during those three periods in 2002. The defendant moved to dismiss the indictment, contending that because the complainant had first "reported" the incident to the police in 2002, the indictment should be dismissed as time-barred. The Supreme Court agreed and dismissed the indictment in its entirety. The People appeal, and we modify.

New York Criminal Procedure Law § 30.10 (2) is a statute of limitations setting forth time limits for the People to commence a prosecution for certain crimes. The window of time to bring charges against a defendant closes according to the severity of the crime: for class A felonies, the People can commence a prosecution at any time (*see* CPL 30.10 [2] [a]). For any other

felonies, the People must commence a prosecution within five years after the commission of the offense (*see* CPL 30.10 [2] [b]). For misdemeanors, a prosecution must commence within two years of the commission of the offense (*see* CPL 30.10 [2] [c]). And for violations, which pursuant to CPL 1.20 (39) are within the definition of a "petty offense," the prosecution must commence within one year of the commission of the offense (*see* CPL 30.10 [2] [d]).

However, an extension of these time periods is allowed in certain circumstances (*see generally* CPL 30.10 [3]). For certain sex crimes committed against children, the statute of limitations is tolled until either (1) the child reaches the age of 18, or (2) the offense is reported to a law enforcement agency or statewide central register of child abuse and maltreatment, whichever is first.[1]

CPL 30.10 (4) (a) (ii) excludes from the statute of limitations "[a]ny period following the commission of the offense during which . . . the whereabouts of the defendant were continuously unknown and continuously unascertainable by the exercise of reasonable diligence." At issue here is whether the crimes charged in the indictment against the defendant are time-barred or, because of the effect of the above tolling provisions, are timely.

On November 8, 2002 the complainant, then 14 years old, underwent a medical examination that revealed she was pregnant. She reported that the cause of the pregnancy was that she had been raped by her 14-year-old classmate, which occurred at their school. The complainant met with the police later that day. Once the complainant's story revealed inconsistencies, she retracted her statement that she had been raped, but instead said that she had engaged in consensual unprotected sex with the classmate. At the time, she said that she had initially lied because she did not want her parents to know that

---

1. "For purposes of a prosecution involving a sexual offense as defined in article one hundred thirty of the penal law, other than a sexual offense delineated in paragraph (a) of subdivision two of this section, committed against a child less than eighteen years of age, incest in the first, second or third degree as defined in sections 255.27, 255.26 and 255.25 of the penal law committed against a child less than eighteen years of age, or use of a child in a sexual performance as defined in section 263.05 of the penal law, the period of limitation shall not begin to run until the child has reached the age of eighteen or the offense is reported to a law enforcement agency or statewide central register of child abuse and maltreatment, whichever occurs earlier" (CPL 30.10 [3] [f]).

she was having sex. As a result, she signed a statement that acknowledged that she was not raped as originally reported, and the case was closed.[2]

In December 2007 the complainant, then 19 years old, reported to the police that the defendant, her stepgrandfather, raped her on three separate occasions in 2002. The three time periods forming the basis for the indictment were May 1, 2002 to June 30, 2002; July 1, 2002 to August 31, 2002; and September 1, 2002 to September 20, 2002.

The complainant testified before the grand jury on December 21, 2007 that, during the period between May 1, 2002 and June 30, 2002, at the home that the complainant and the defendant shared, the defendant placed his hands on her breasts and buttocks "many times" and, on a day during that period and in that location, placed his penis inside her vagina. The complainant testified that, on a day during the time period between July 1, 2002 and August 31, 2002, and in the same location, the defendant touched her breasts, slapped her in the face, removed her clothing, and placed his penis in her vagina. She further testified that, on a date during the period of September 1, 2002 and September 30, 2002, and in the same location, the defendant threatened that if she did not have sex with him, he would have sex with her sister. She further testified that on a date during this time period, the defendant placed his penis in her vagina as well.

The complainant told the grand jury that, during all of these incidents, she was 14 years old and resided with her grandmother, father, siblings, cousins, and the defendant. All of the incidents of abuse occurred inside of the home. The complainant testified that she told her grandmother that the defendant, her grandmother's husband, was touching her, but her grandmother did not believe her. Thereafter, when the complainant found out that she was pregnant, she did not tell anyone that the defendant had impregnated her, because he warned her not to say anything and she was afraid.

After the grand jury voted a true bill, the People filed an indictment on January 23, 2008 charging the defendant for acts that occurred during these three time periods, as follows:

---

**2.** Consensual sex between two underage partners is not a criminal offense within the meaning of Penal Law § 130.20 (1) pursuant to Penal Law § 30.00 (1) and (2) ("a person less than sixteen years old is not criminally responsible for conduct," except for acts constituting certain specific crimes).

For the period from May 1, 2002 to June 30, 2002, the defendant was indicted on charges of rape in the second degree in violation of Penal Law § 130.30 (1) (a class D felony), sexual misconduct in violation of Penal Law § 130.20 (1) (a class A misdemeanor), sexual abuse in the third degree in violation of Penal Law § 130.55 (a class B misdemeanor) (two counts), and harassment in the second degree in violation of Penal Law § 240.26 (1) (a violation). For the period from July 1, 2002 to August 31, 2002, the defendant was indicted on charges of rape in the second degree in violation of Penal Law § 130.30 (1) (a class D felony), rape in the third degree in violation of Penal Law § 130.25 (3) (a class E felony), sexual misconduct in violation of Penal Law § 130.20 (1) (a class A misdemeanor), menacing in the third degree in violation of Penal Law § 120.15 (a class B misdemeanor), sexual abuse in the third degree in violation of Penal Law § 130.55 (a class B misdemeanor), and harassment in the second degree in violation of Penal Law § 240.26 (1) (a violation). Finally, for the period of September 1, 2002 to September 30, 2002, the defendant was indicted on charges of rape in the second degree in violation of Penal Law § 130.30 (1) (a class D felony), sexual misconduct in violation of Penal Law § 130.20 (1) (a class A misdemeanor), and harassment in the second degree in violation of Penal Law § 240.26 (1) (a violation). The defendant was also charged with endangering the welfare of a child during these three time periods, in violation of Penal Law § 260.10 (1) (a class A misdemeanor).

The defendant moved to dismiss the indictment, asserting that the People failed to commence a prosecution for the crimes charged in the indictment within the time period required by CPL 30.10 (2) (b)-(d) (providing for a five-year limitation for certain felonies, two-year limitation for misdemeanors, and one-year limitation for petty offenses, respectively) and that the tolling provisions found in CPL 30.10 (3) (f) and(4) (a) (ii) do not apply.

The indictment charges the defendant with crimes committed over a four-month period between May 1, 2002 and September 30, 2002. For the crimes charged, the relevant statutes of limitation were five years for the felonies, two years for the misdemeanors, and one year for the violations (*see* CPL 30.10 [2] [b]-[d]). The criminal action here was commenced on December 20, 2007 with the filing of the criminal complaint. The commencement of this action is therefore well after the five-, two-, or one-year statute of limitations. Thus, for the indictment to

be reinstated, the crimes charged must come within either of the two tolling provisions set forth in CPL 30.10 (3) (f) and (4) (a) (ii).

The first tolling provision, CPL 30.10 (3) (f), applies, inter alia, to crimes involving a sexual offense (defined in article 130 of the Penal Law) against a child less than 18 years old. In such a case, the time to commence a criminal action is tolled until either (a) the child has reached the age of 18, or (b) the offense is reported to a law enforcement agency or statewide central register of child abuse and maltreatment, whichever comes first (*see e.g. People v Heil*, 70 AD3d 1490, 1491 [2010]; *People v Hammons*, 7 Misc 3d 1028[A], 2005 NY Slip Op 50794[U] [Sup Ct, Monroe County 2005]).

The second tolling provision, CPL 30.10 (4) (a) (ii), applies to any type of crime and is not limited to sex offenses. In calculating the time limitation applicable to the commencement of a criminal action, any period following the commission of the offense during which the whereabouts of the defendant were continuously unknown and continuously unascertainable by the exercise of reasonable diligence is not included (*see e.g. People v Seda*, 93 NY2d 307 [1999]; *People v Jordan*, 43 AD3d 1076 [2007]).

■ Turning to the first exception, the defendant argues that the sex crimes charged in the indictment, spanning three periods of time, were "reported" within the meaning of CPL 30.10 (3) (f) on November 8, 2002, the day the complainant first spoke to the police about an alleged rape resulting in her pregnancy. CPL 30.10 (3) (f) provides, in pertinent part, that "[f]or purposes of a prosecution involving a sexual offense as defined in article one hundred thirty of the penal law . . . committed against a child less than eighteen years of age . . . the period of limitation shall not begin to run until . . . the offense is reported to a law enforcement agency" (CPL 30.10 [3] [f]). The complainant's statement to the police on November 8, 2002 in which she never even mentioned the defendant, was not a "report" within the meaning of CPL 30.10 (3) (f). Accordingly, contrary to the defendant's contention, the statutes of limitation did not begin to run on that date.

"As the clearest indicator of legislative intent is the statutory text, the starting point in any case of interpretation must always be the language itself, giving effect to the plain meaning thereof" (*Majewski v Broadalbin-Perth Cent. School Dist.*, 91 NY2d 577, 583 [1998]; *see Matter of Pro Home Bldrs., Inc. v Green-*

*field*, 67 AD3d 803, 805 [2009]). If the statutory language chosen by the Legislature is clear and unambiguous, and "involves no absurdity or contradiction, there is no room for construction and courts have no right to add to or take away from that meaning" (*Tompkins v Hunter*, 149 NY 117, 123 [1896]; *see People ex rel. Harris v Sullivan*, 74 NY2d 305, 309 [1989]; *Matter of Pro Home Bldrs., Inc. v Greenfield*, 67 AD3d at 805).

Based on its ordinary meaning, the "report" as contemplated in CPL 30.10 (3) (f) must provide a description of harm caused by the conduct of the offender. It follows that the crimes charged in the accusatory instrument must derive, at least in part, from this report. Thus, there must be a nexus between the conduct alleged in the report and that charged in the accusatory instrument brought by the People. To hold otherwise would be absurd and thwart attempts to bring sexual predators to justice.

The legislative history also supports our conclusion. Paragraph (f) was included as part of a 1996 amendment to CPL 30.10 (3). The Legislature recognized that the extension of the statute of limitations period until the child reaches the age of 18 helps children who are victims of sexual abuse obtain redress through criminal prosecutions. According to the Legislature, "[c]hild victims of sexual abuse are usually violated by people with whom they have an ongoing relationship. The above usually occurs frequently and regularly over a long period of time during which for various reasons children do not disclose" (Mem in Support, 1996 McKinney's Session Laws of NY, at 2085). The Governor reiterated this view:

> "In sex crime cases committed against children less than 18 years old, the five-year statute of limitations applicable to sex offenses begins to run on the date the crime is committed. Of course, however, child-victims of sex offenses cannot fully appreciate the crimes committed against them until they reach maturity; many child-victims are victimized by parents or other persons with whom they have a close relationship, and cannot reasonably be expected to report these crimes while they remain under the sway of their abusers . . . [CPL 30.10 (3) (f)] would therefore allow for the prosecution of sex offenders who prey on victims under the age of [18] to be commenced as late as the victim's [23rd] birthday if the offense went unreported prior to the victim's [18th] birthday" (Governor's Program Bill Mem No. 948, Bill Jacket, L 1996, ch 122, at 8).

In support of the proposed amendment, the New York Council on Children and Families also noted, "[t]he Council . . . believes that the delayed running of the statute of limitations for sex offenses involving children will increase the likelihood that young adults, recently freed from a position of dependency, will disclose the offenses committed against them in order to seek redress through the criminal justice system" (Letter from Council on Children and Families, June 17, 1996, Bill Jacket, L 1996, ch 122, at 18).

It would be completely contrary to the spirit of the amendment to conclude, as the defendant urges, that the statute of limitations is triggered when a child falsely reports that she was raped by another child at school and then recants the allegation, when in reality the child is being sexually abused at home by someone with whom she has an ongoing familial relationship.

The facts here are consistent with the Legislature's concerns. Namely, when the complainant was 14 years old and still being victimized by the defendant and residing with him, she implicated another student as having impregnated her. Moreover, the complainant testified before the grand jury that, at the time she was being abused, her grandmother did not believe that the defendant—the grandmother's husband—was abusing her. Furthermore, the defendant allegedly had threatened to abuse the complainant's sister if she did not comply with his demands. Accordingly, the complainant's 2002 statements to the police fall squarely within the legislative concerns to protect child-victims who do not report their abuse until they are young adults and, therefore, no longer under the sway of their abuser (*see* Governor's Program Bill Mem No. 948, Bill Jacket, L 1996, ch 122, at 8; Letter from Council on Children and Families, June 17, 1996, Bill Jacket, L 1996, ch 122, at 18).

Indeed, there is no nexus between the complainant's statements to the police on November 8, 2002 and the crimes charged against the defendant in the indictment. The complainant told a social worker at the clinic that she was raped by her 14-year-old classmate in a school bathroom stall on August 23, 2002. She subsequently told the police that she had consensual sex with this fellow student, but eventually recanted. When police questioning revealed inconsistencies in the complainant's account of what happened, she claimed that the pregnancy resulted from consensual sex with a fellow 14 year old. Because consensual sex among two 14 year olds is not a crime (*see* n 2, *supra*), the case was closed.

At the time of the alleged August 23, 2002 assault, the defendant was 66 years old. In contrast, the person that the complainant alleged assaulted her in 2002 was only 14 years old. Furthermore, all of the offenses charged in the indictment occurred in the home that the complainant and defendant shared. However, in 2002, the complainant alleged that the sex occurred at her school. Ultimately, nothing the complainant told the police in 2002 linked the defendant as the possible perpetrator of the alleged sexual assault on August 23, 2002. As such, the complainant's November 8, 2002 statements were not a "report" of the defendant's sexual offenses against her, and, thus, did not begin the running of the statutes of limitations.

Since we find that the complainant's November 8, 2002 statements to the police were not a "report" within the meaning of CPL 30.10 (3) (f), we conclude that the felony and misdemeanor sex crimes under article 130 of the Penal Law charged in the indictment are not time-barred.

■ The defendant was also charged with several non-sex-related misdemeanors and violations. We thus turn next to whether the tolling provision under CPL 30.10 (4) (a) (ii) applies to those charges. In calculating the time limitation within which the People must commence a criminal action, CPL 30.10 (4) (a) (ii) provides that "[a]ny period following the commission of the offense during which . . . the whereabouts of the defendant were continuously unknown and continuously unascertainable by the exercise of reasonable diligence" shall not be included. We conclude that this provision does not apply, and that the non-sex-related misdemeanors and violations are thus time-barred.

In *People v Seda* (93 NY2d 307, 310-311 [1999]), the Court of Appeals construed the meaning of the term "whereabouts" as it was used in CPL 30.10 (4) (a) (ii). In doing so, the Court determined whether knowledge of the defendant's identity was encompassed within the term "whereabouts" (*id.* at 308). In *Seda,* the defendant committed multiple attempted murders as well as other felonies (*id.*). The defendant authored letters claiming responsibility to the police and the New York Post, identifying himself only as "The Zodiac" (*id.*). The police department set up multiple task forces to apprehend the defendant, but its efforts proved unsuccessful (*id.*). The Court held that the tolling provision is not conditioned on knowledge of the defendant's identity (*id.* at 311; *see People v Jordan*, 43 AD3d 1076, 1077 [2007] [holding that 30.10 (4) (a) (ii) does not apply

during "the period of time . . . which the police are unaware of the commission of the offense itself"]). The Court added:

> "The police may be ignorant of the whereabouts of a perpetrator of a crime where they have identified the perpetrator but lack knowledge of his or her physical location, or where they have not identified the perpetrator at all and thus cannot determine where he or she is. The phrase 'whereabouts of the defendant' must be deemed to include both situations" (*People v Seda*, 93 NY2d at 311).

Here, the report made by the complainant in December 2007 was filed with the police more than five years after the defendant allegedly committed the non-sex-related misdemeanors and violations against her (i.e., between May 1, 2002 and Sept. 30, 2002). During those intervening years—from 2002 to 2007—the police were not aware that a crime was ever committed against the complainant by the defendant; they were unaware of the commission of the offenses, and were thus unaware of the defendant's identity as well. Thus, as to the non-sex-related misdemeanors and violations charged in the indictment, CPL 30.10 (4) (a) (ii) does not apply to toll the statute of limitations for the period of time between when the defendant's conduct was alleged to have occurred and the complainant's report to the police in December 2007 (*cf. People v Seda*, 93 NY2d 307 [1999]; *People v Jordan*, 43 AD3d 1076 [2007]).

Accordingly, we affirm so much of the order of the Supreme Court as granted those branches of the defendant's motion which were to dismiss the following charges in the indictment: endangering the welfare of a child in violation of Penal Law § 260.10 (1), harassment in the second degree in violation of Penal Law § 240.26 (1), and menacing in the third degree in violation of Penal Law § 120.15.

Based on the foregoing, the order is modified by deleting the provisions thereof granting those branches of the defendant's motion which were pursuant to CPL 210.20 (f), 30.10 (b) and (f) to dismiss the charges of rape in the second degree in violation of Penal Law § 130.30 (1) (three counts), rape in the third degree in violation of Penal Law § 130.25 (3), sexual misconduct in violation of Penal Law § 130.20 (1) (three counts), and sexual abuse in the third degree in violation of Penal Law § 130.55 (three counts), and substituting therefor provisions denying those branches of the motion; as so modified, the order is affirmed.

MASTRO, J.P., BALKIN and CHAMBERS, JJ., concur.

Ordered that the order is modified, on the law, by deleting the provisions thereof granting those branches of the defendant's motion which were pursuant to CPL 210.20 (f), 30.10 (b) and (f) to dismiss the charges of rape in the second degree in violation of Penal Law § 130.30 (1) (three counts), rape in the third degree in violation of Penal Law § 130.25 (3), sexual misconduct in violation of Penal Law § 130.20 (1) (three counts), and sexual abuse in the third degree in violation of Penal Law § 130.55 (three counts), and substituting therefor provisions denying those branches of the motion; as so modified, the order is affirmed.