■ In the Matter of JOHN SEALES, Respondent, v MANUEL MIRABAL, as Deputy Commissioner of the State of New York Division of Housing and Community Renewal, Appellant.—In a proceeding pursuant to CPLR article 78 to review a determination of the appellant, Deputy Commissioner of the New York State Division of Housing and Community Renewal, dated December 22, 1986, which found that the petitioner tenant had not been overcharged for rent, the appeal, by permission, is from an order and judgment (one paper) of the Supreme Court, Kings County (I. Aronin, J.), entered July 17, 1987, which remitted the matter to the appellant for a de novo determination as to whether the landlord had collected from the tenant rents in excess of the amounts allowed by law.

Ordered that the order and judgment is reversed, without costs or disbursements, the determination of the appellant is reinstated and the proceeding is dismissed on the merits.

On June 17, 1981, the tenant and his landlord entered into a two-year lease, by the terms of which the tenant was to occupy rent-stabilized apartment 6-G at 425 East 26th Street in Brooklyn at a monthly rental of $375 from July 1, 1981 until June 30, 1983. However, on September 22, 1981, the tenant filed a complaint alleging rent overcharges with the predecessor agency of the Division of Housing and Community Renewal (hereinafter the DHCR). The tenant contended that his rent should have been computed on the basis of the prior tenant's rent of $270 per month, which obtained until May 31, 1981, rather than on the prior tenant's renewed lease agreement, which called for a rent of $315.90 per month commencing on June 1, 1981. It was the tenant's position that the landlord had impermissibly compounded a 17% increment on the prior tenant's three-year renewed lease, effective June 1, 1981, with a 14% increment on his own two-year lease, effective July 1, 1981, surmounted by an additional 15% increase for vacancy. The result was a total increase in rent of 46%, which the tenant claimed was not countenanced by the Rent Stabilization Law.

The District Rent Administrator (hereinafter the DRA) agreed in an order dated March 22, 1985, in which he held that a landlord may not compound guideline increases during the same guideline period. The DRA reduced the tenant's rent to $321.30, representing a 14% increase for a two-year lease plus a 5% increase for vacancy over the former tenant's previous rent of $270 per month. The landlord's copy of this order was misdirected, however, and the landlord in conse-

quence did not learn of it until April 29, 1985, after his 33 days to appeal had expired. Upon being apprised of the order, the landlord promptly wrote to the DHCR, and, upon being sent the appropriate forms, filed a petition for administrative review (hereinafter PAR) on October 4, 1985.

When no word was forthcoming as to the disposition of the PAR, the landlord commenced a CPLR article 78 proceeding in the Supreme Court, New York County, on or about May 21, 1986, to review the DRA's order. On July 17, 1986, however, the landlord and the DHCR stipulated to withdraw the proceeding and to remit the matter to the DHCR as a timely filed PAR. A notice of opportunity to rebut was sent to the tenant on September 26, 1986, but the tenant never responded.

On December 22, 1986, the Deputy Commissioner ruled that under Rent Guidelines Board Order No. 12, two guideline increases during one guideline period were allowable, particularly in view of the fact that the tenant's rent of $375 was below the maximum permitted.

The tenant thereafter commenced the instant CPLR article 78 proceeding on or about February 19, 1987. The Supreme Court remitted the matter to the DHCR for a de novo determination as to whether the compounding of rent increases within a period of one year comported with the purpose of the Rent Stabilization Law.

On appeal, the DHCR submits that the order of its Deputy Commissioner, which calculated the lawful stabilization rent in accordance with the express provisions of the applicable orders of the Rent Guidelines Board, is founded upon a rational basis and should be reinstated. We agree.

Rent Guidelines Board Order No. 12 provides that renewal leases for heated apartments between July 1, 1980 and September 30, 1981 were subject to a 14% increase for two-year renewals, and to a 17% increase for three-year renewals. Vacancies in these same apartments occurring between July 1, 1980 and June 30, 1981 resulted in an additional 5% increase in rents in apartments where there had been a change in tenancy since 1975, or an additional 10% increase where there had been no change in tenancy since 1975.

However, in order to effect the transition between the old guideline period, which commenced on July 1, 1981, and the new guideline period established by Laws of 1980 (ch 235), which was to commence on October 1, Rent Guidelines Board Order No. 12a was added, which provided in pertinent part as follows:

"Leases on Vacant Apartments

"Where a dwelling unit becomes vacant, the levels of rent increase governing a new tenancy commencing on or after July 1, 1981 and on or before September 30, 1981 are the same levels over rentals charged on July 30, 1981 as those set forth for lease renewals pursuant to the adjustments for renewal leases as set forth in Order Number 12, plus 15 per cent over the rentals charged on June 30, 1981 on each vacancy of such unit during the effective period of this Order".

By their very terms, therefore, Rent Guidelines Board Orders Nos. 12 and 12a, lawfully promulgated by the Rent Guidelines Board of the City of New York *(see, Stein v Rent Guidelines Bd.,* 127 AD2d 189), permit, without qualification, the increments at issue here. Since the scope of judicial review is confined to ascertaining whether an administrative determination is rationally based *(Matter of Pell v Board of Educ.,* 34 NY2d 222), and since the Deputy Commissioner's ruling is a literal and reasonable application of the regulation, the court must defer to the administrative construction *(Matter of Albano v Kirby,* 36 NY2d 526), and decline to substitute its judgment for that of the agency *(see, Matter of Mid-State Mgt. Corp. v New York City Conciliation & Appeals Bd.,* 112 AD2d 72, *affd* 66 NY2d 1032). Thompson, J. P., Bracken, Kunzeman and Spatt, JJ., concur.