■ In the Matter of WILLIAM GELLERMAN et al., Respondents, v RICHARD HIGGINS et al., Appellants. [624 NYS2d 830] —Order, Supreme Court, New York County (Martin Schoenfeld, J.), entered September 10, 1993, which granted tenants' CPLR article 78 petition to the extent of remanding the rent overcharge claim to New York Division of Housing and Community Renewal (DHCR), unanimously reversed, on the law, and the claim and the petition dismissed, without costs.

DHCR's determination of petitioner's claim was in accordance with the express provisions of Rent Stabilization Law of 1969 (Administrative Code of City of NY) § 26-510 (d) and the applicable Rent Guidelines Orders *(see, Seales v Mirabal,* 152 AD2d 672, 674). Contrary to petitioners' urgings based upon *D'Emilia v Conciliation & Appeals Bd.* (index No. 25842/83, Mar. 1985, Elliott Wilk, J.), neither the statute nor the orders condition vacancy increases on whether the prior tenant maintained occupancy until the termination of his lease. Inasmuch as an administrative agency's reasonable, rational interpretation and application of the statutes and regulations under which it functions is entitled to judicial deference *(Ansonia Residents Assn. v New York State Div. of Hous. & Community Renewal,* 75 NY2d 206, 213; *Cale Dev. v Conciliation & Appeals Bd.,* 94 AD2d 229, 232, *affd* 61 NY2d 976), we find that the IAS Court erred in ordering the remand. Concur —Murphy, P. J., Rosenberger, Williams and Tom, JJ.