■ In the Matter of CHRISTINE WOYTISEK, Appellant, v ANTONIA C. NOVELLO, Respondent. [766 NYS2d 54] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Antonia C. Novello, Commissioner of the New York State Department of Health, dated August 9, 2001, which, after a fair hearing, denied the petitioner's request to reduce her period of ineligibility for benefits, the petitioner appeals from a judgment of the Supreme Court, Nassau County (De-Maro, J.), dated August 5, 2002, which confirmed the determination and dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

The petitioner and her husband entered the Glengariff Nursing Home on February 1, 2000. Thereafter, the two transferred assets totalling over $100,000 as a result of which, pursuant to the applicable Medicaid regulations, they faced a penalty

period of ineligibility for benefits of approximately 16 months. However, the applicable Medicaid regulations also provided that the penalty period could be apportioned equally between them (i.e., about eight months each) in the event that they both applied for Medicaid (*see* 42 USC § 1396p [c] [4]; 18 NYCRR 360-4.4 [c] [2] [vii]). The petitioner's husband died in October 2000 without having submitted an application for Medicaid. When the petitioner subsequently submitted her own application for Medicaid, the local agency charged her with the entire 16-month penalty period. The petitioner requested a fair hearing at which she contended that her application should have been deemed to have included her deceased husband so that she would have only been faced with an eight-month penalty period. The respondent, Antonia C. Novello, Commissioner of the New York State Department of Health, upheld the determination of the Administrative Law Judge that the local agency properly charged her with the entire 16 months.

The petitioner contends that the respondent's determination is arbitrary and capricious. We disagree. "In determining whether an administrative determination * * * is arbitrary and capricious, the proper test is whether the determination is supported by a rational basis" (*Matter of Robison Oil Corp. v County of Westchester,* 236 AD2d 542, 543 [1997]; *Matter of Pell v Board of Educ.,* 34 NY2d 222, 231 [1974]). In addition, where the interpretation by an administrative agency of the statutes and regulations which it administers is reasonable, that interpretation must be upheld (*see Matter of Seales v Mirabal,* 152 AD2d 672, 674 [1989]).

There is nothing in either the statutory or regulatory language which could be interpreted as requiring the result that the petitioner seeks. Both 42 USC § 1396p (c) (4) and 18 NYCRR 360-4.4 (c) (2) (vii) clearly contemplate that before the penalty period may be apportioned between spouses, both spouses must be eligible for Medicaid. The petitioner's husband died before becoming eligible for Medicaid, and before filing his own application (*see* Social Services Law § 366-a [3] [a]; *Matter of Casey v D'Elia,* 87 AD2d 889 [1982]). Accordingly, it cannot be said that the respondent's determination to allocate the entire 16-month penalty period to the petitioner was arbitrary and capricious. Prudenti, P.J., Smith, Friedmann and H. Miller, JJ., concur.