■ In the Matter of LAKESIDE MANOR HOME FOR ADULTS, INC., Appellant, v ANTONIA C. NOVELLO et al., Respondents. [843 NYS2d 108]—

In a proceeding pursuant to CPLR article 78 to review the respondents' determination denying the petitioner's application for Quality Incentive Payment Program payments for the 2002-2003 fiscal year, the appeal is from a judgment of the Supreme Court, Richmond County (Giacobbe, J.), dated March 16, 2007, which, upon an order dated April 10, 2006, denied the petition and dismissed the proceeding.

Ordered that on the Court's own motion, the notice of appeal from the order dated April 10, 2006, is deemed a premature notice of appeal from the judgment (*see* CPLR 5520 [c]); and it is further,

Ordered that the judgment is affirmed, with costs.

The Supreme Court properly determined that the respondents' denial of Quality Incentive Payment Program (hereinafter QUIP) payments to the petitioner for the 2002-2003 fiscal year was not arbitrary and capricious because it was rationally based, inter alia, on inspection reports finding that the petitioner violated stated regulatory standards (*see generally Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County,* 34 NY2d 222, 231 [1974]; *Matter of Cohen v State of New York,* 2 AD3d 522, 525 [2003]; *Matter of Woytisek v Novello,* 309 AD2d 869, 870 [2003]; L 2003, ch 62, part C3, § 1). The respondents' alleged failure to comply with certain statutory requirements in its inspection reports (*see* Social Services Law § 461-a [2] [c]; 18 NYCRR 486.2 [i] [1]-[3]) did not render the determination to deny QUIP payments arbitrary and capricious. The reports adequately identified and specified the petitioner's violations, and the petitioner did not establish that it lacked the ability or knowledge to correct them. Indeed, the petitioner's responses acknowledged the findings in the reports but largely disagreed with them, and the respondents provided further information in reply.

Similarly, the denial of QUIP payments to the petitioner did not violate due process, since the respondents possess extremely broad discretion in awarding the funds and the petitioner failed to demonstrate that it had a protected property interest in them (*see generally Board of Regents of State Colleges v Roth,* 408 US 564, 577 [1972]; *Matter of Daxor Corp. v State of N.Y. Dept. of Health,* 90 NY2d 89, 98 [1997], *cert denied* 523 US 1074 [1998]; *Ward v City of New York,* 15 AD3d 392, 393 [2005]; *Huntington Yacht Club v Incorporated Vil. of Huntington Bay,* 1 AD3d 480, 481 [2003]).

The petitioner's remaining contentions are without merit. Mastro, J.P., Covello, McCarthy and Dickerson, JJ., concur.