▮ In the Matter of JULIUS R. RUGGIERE et al., Appellants, v MICHAEL BLOOMBERG et al., Respondents. [865 NYS2d 560]—In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the Chief Actuary of the City of New York dated November 30, 2006, that there were insufficient assets to pay benefits in the calendar year 2006 from the Correction Officers' variable supplements funds, the petitioners appeal from a judgment of the Supreme Court, Kings County (Starkey, J.), dated May 15, 2008, which, upon a decision of the same court dated October 16, 2007, denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

An agency's interpretation of the statutes and regulations that it administers must be " 'given great weight and judicial deference, so long as the interpretation is neither irrational, unreasonable nor inconsistent with the governing statute' " (*Matter of Toys "R" Us v Silva*, 89 NY2d 411, 418-419 [1996], quoting *Matter of Trump-Equitable Fifth Ave. Co. v Gliedman*, 62 NY2d 539, 545 [1984]; *see Matter of Delillo v New York State Div. of Hous. & Community Renewal*, 45 AD3d 682, 683 [2007]). Here, the respondents' interpretation of the term "beneficiary" pursuant to the Administrative Code of the City of New York § 13-194 (1) (c) was neither irrational, unreasonable, nor inconsistent with the governing statute. Moreover, their determination was not arbitrary and capricious (*see* CPLR 7803 [3]; *Matter of Arrocha v Board of Educ. of City of N.Y.*, 93 NY2d 361, 363 [1999]; *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester*

*County,* 34 NY2d 222, 232 [1974]). Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding.

The appellants' remaining contentions are without merit. Rivera, J.P., Spolzino, Florio and Leventhal, JJ., concur.