■ In the Matter of PRO HOME BUILDERS, INC., et al., Respondents, v JEFFREY H. GREENFIELD et al., Appellants. [888 NYS2d 182]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Nassau County Planning Commission dated February 21, 2007, that the petitioners were obligated to file a subdivision map in connection with certain real property and that the "old filed map exception" set forth in Real Property Law § 334-a (1) (b) was inapplicable to the property, the appeal is from a judgment of the Supreme Court, Nassau County (Adams, J.), entered March 4, 2008, which granted the petition to the extent of annulling the determination, or, in the alternative, compelling the Nassau County Planning Commission to authorize the petitioners' proposed subdivision pursuant to Real Property Law § 334-a (1) (b).

Ordered that the judgment is modified, on the law, by deleting the provision thereof granting that branch of the petition which was to compel the Nassau County Planning Commission to authorize the petitioners' proposed subdivision pursuant to Real Property Law § 334-a (1) (b); as so modified, the judgment is affirmed, with costs to the appellants, and the matter is remitted to the Nassau County Planning Commission for further proceedings consistent herewith.

The petitioners proposed to subdivide their real property, which is currently held in one lot (hereinafter the lot). They applied to the Nassau County Planning Commission (hereinafter the Commission) for a ruling that the proposed subdivision was subject to the "old filed map exception" articulated in Real Property Law § 334-a (1) (b), which, among other things, dispenses with the requirement that a landowner file alterations to a subdivision map where the original map of the subdivision was filed before January 12, 1945, the alterations do not involve any changes or extensions to streets previously laid out, and the only alterations are changes in lot boundaries made solely to comply with applicable zoning requirements. The Commission denied their application after determining that the lot currently complied with all applicable zoning laws, and that the subdivision was, thus, unnecessary to bring the lot into compliance. The petitioners commenced this CPLR article 78 proceeding to challenge the Commission's interpretation of Real Property Law § 334-a (1) (b), contending that the proper construction of the statute requires the Commission to determine whether the lot lines depicted in the subdivision map filed in connection with the lot prior to January 12, 1945 (hereinafter the old filed subdivision map), must be altered in order to comply with current zoning ordinances.

The courts apply the "arbitrary and capricious" standard of

review to challenges to an agency's interpretation or application of a statute or regulation (*see* CPLR 7803 [3]; *Matter of Jennings v New York State Off. of Mental Health*, 90 NY2d 227, 239 [1997]). In instances where special knowledge of factual data or operational practices are necessary for interpreting the relevant statute or regulation, the agency's special expertise is entitled to deference and, "if not irrational or unreasonable, the interpretation and construction given statutes by the body responsible for their administration should be upheld" (*Matter of Breskin Realty Assoc. v Zoning Bd. of Appeals of Vil. of Patchogue*, 230 AD2d 793, 794 [1996]; *see Matter of Jennings v New York State Off. of Mental Health*, 90 NY2d at 239; *Town of Lysander v Hafner*, 96 NY2d 558, 565 [2001]; *Matter of Ruggiere v Bloomberg*, 55 AD3d 840 [2008]; *Matter of Woytisek v Novello*, 309 AD2d 869, 870 [2003]). "Where, however, the question is one of pure legal interpretation of statutory terms, deference to the [agency] is not required" (*Matter of Toys "R" Us v Silva*, 89 NY2d 411, 419 [1996]; *see Matter of Brancato v Zoning Bd. of Appeals of City of Yonkers, N.Y.*, 30 AD3d 515, 515-516 [2006]).

In order to determine the meaning and purpose of the statute in question, this court must first review the plain language of Real Property Law § 334-a (1) (b). "As the clearest indicator of legislative intent is the statutory text, the starting point in any case of interpretation must always be the language itself, giving effect to the plain meaning thereof" (*Majewski v Broadalbin-Perth Cent. School Dist.*, 91 NY2d 577, 583 [1998]; *see Leader v Maroney, Ponzini & Spencer*, 97 NY2d 95, 104 [2001]; *Matter of State Div. of Human Rights v Berler*, 46 AD3d 32, 40 [2007]; *Ragucci v Professional Constr. Servs.*, 25 AD3d 43, 47 [2005]; *People v M&H Used Auto Parts & Cars, Inc.*, 22 AD3d 135, 142 [2005]; *People v Munoz*, 207 AD2d 418, 419 [1994]). Moreover, in " 'construing statutes, it is a well-established rule that resort must be had to the natural signification of the words employed, and if they have a definite meaning, which involves no absurdity or contradiction, there is no room for construction and courts have no right to add to or take away from that meaning' " (*Majewski v Broadalbin-Perth Cent. School Dist.*, 91 NY2d at 583, quoting *Tompkins v Hunter*, 149 NY 117, 122-123 [1896]).

Turning to the statute in question, Real Property Law § 334-a (1) (b), commonly referred to as the "old filed map exception," reads as follows: "where a subdivision map has been filed prior to January twelfth, nineteen hundred forty-five, and alterations made thereon do not involve any change, or extensions of previously laid out streets and where the only alterations are changes

in lot boundaries which are made solely for the purpose of adhering to applicable zoning regulations, it shall not be necessary to file such altered map or obtain a waiver therefor" (Real Property Law § 334-a [1] [b]; Nassau County Charter § 1610 [1] [b]).

As used in the phrase "alterations made thereon," the word "thereon" logically refers to alterations made or proposed to be made to an old filed subdivision map, the description of which immediately precedes the phrase in question (Real Property Law § 334-a [1] [b]). In order for the statute to be read literally and without contradiction, the next phrase to consider—"and where the only alterations are changes in lot boundaries which are made solely for the purpose of adhering to applicable zoning regulations" (*id.*)—must also refer to the old filed subdivision map and the lot boundaries contained on that map (*see Leader v Maroney, Ponzini & Spencer*, 97 NY2d at 104; *Majewski v Broadalbin-Perth Cent. School Dist.*, 91 NY2d at 583; *People v M&H Used Auto Parts & Cars, Inc.*, 22 AD3d at 142; *People v Munoz*, 207 AD2d at 419).

Contrary to the Commission's argument that the language of the "old filed map exception" refers to the lot boundaries contained on the current tax map, the proper interpretation of Real Property Law § 334-a (1) (b) allows a property owner to employ the "old filed map exception" when the alterations made to the lot boundaries are solely for the purpose of bringing the lot boundaries of the subdivided property, as delineated on the old filed subdivision map and not on the current tax map, into compliance with the current zoning regulations.

Although the petitioners argue that they are consequently entitled to approval of the alterations to their subdivision map pursuant to Real Property Law § 334-a (1) (b), the record did not contain a current survey of the proposed subdivision, the applicable zoning ordinances, or a letter of compliance or noncompliance from the local zoning authority, as required by the Commission's "old filed map" application form. Thus, on this record, it is not possible to determine whether the lot boundaries, as drawn on the petitioners' old filed map, need to be changed "solely for the purpose of adhering to applicable zoning regulations" (Real Property Law § 334-a [1] [b]). Accordingly, the petitioners are directed to submit a completed application to the Commission to allow the Commission to make a determination consistent herewith. Dillon, J.P., Dickerson, Belen and Roman, JJ., concur.