■ HARBOR VIEW AT PORT WASHINGTON HOME OWNERS ASSOCIATION, INC., et al., Appellants, v W.J. HARBOR RIDGE, LLC, et al., Respondents, et al., Defendant. [901 NYS2d 711]—

In an action, inter alia, to recover damages for violation of Code of Town of North Hempstead § 2-43 (A), the plaintiffs appeal, as limited by their brief, from stated portions of an order

of the Supreme Court, Nassau County (Austin, J.), dated August 28, 2008, which, inter alia, granted that branch of the motion of the defendants W.J. Harbor Ridge, LLC, and Bernard Janowitz which was pursuant to CPLR 3211 (a) (7) to dismiss the second cause of action asserted against the defendant W.J. Harbor Ridge, LLC.

Ordered that the order is affirmed insofar as appealed from, with costs.

In their second cause of action, the plaintiffs alleged that certain roof drainage apparatus installed by the defendant W.J. Harbor Ridge, LLC, at their residential planned unit development did not comply with Code of Town of North Hempstead § 2-43 (A) (hereinafter section 2-43 [A]), since, inter alia, the drainage pipes were not installed below the surface of the ground, causing runoff water to be discharged onto area sidewalks. Contrary to the plaintiffs' contention, the Supreme Court properly dismissed the second cause of action pursuant to CPLR 3211 (a) (7), on the ground that section 2-43 (A) is not applicable.

In interpreting a statute, the starting point of analysis must be the plain meaning of the statutory language, since it is " 'clearest indicator of legislative intent' " (*Matter of Pro Home Bldrs., Inc. v Greenfield*, 67 AD3d 803, 805 [2009], quoting *Majewski v Broadalbin-Perth Cent. School Dist.*, 91 NY2d 577, 583 [1998]; *see Bluebird Partners v First Fid. Bank*, 97 NY2d 456, 460-461 [2002]).

Section 2-43 (A) provides: "Every building, *except residential buildings of 2½ stories or less* and private garages shall be kept provided with proper metallic gutters and rain leaders for conducting water from all roofs in such manner as shall protect the walls and foundations from injury. In no case shall the water from any rain leader be allowed to flow upon the sidewalk or adjoining property. The water from leaders may be conducted by proper pipes laid below the surface of the sidewalk to the street gutter, or may be conducted by extra-heavy cast-iron pipe to a leaching cesspool located at least 10 feet from any building. No plumbing fixtures shall be discharged into a leaching cesspool. Leaders in residential zones may be drained to the surface or dry wells" (emphasis added).

We agree with the Supreme Court that the plain language employed by section 2-43 (A) excepts "residential buildings of 2½ stories or less" from its reach. Although this provision also states that "[i]n no case shall the water from any rain leader be allowed to flow upon the sidewalk or adjoining property," it is clear that the reference to "any rain leader" refers back to those "leaders" which are required under the first sentence.

Further, we reject the plaintiffs' contention that this is an absurd and unreasonable interpretation of the provision (*see Long v State of New York*, 7 NY3d 269, 273 [2006]). The drafters of section 2-43 (A) may have decided not to subject owners of small homes to its requirements since the owners of large apartment buildings and commercial structures often possess more resources than owners of smaller residential structures. In addition, the drafters may have reasoned that water drainage onto sidewalks presents a greater problem in the case of taller apartment buildings or commercial structures than it does with smaller homes. Accordingly, since it is undisputed that the buildings at issue are "residential buildings of 2½ stories or less," the second cause of action was properly dismissed.

In light of our determination, we need not reach the parties' remaining contentions. Skelos, J.P., Angiolillo, Leventhal and Roman, JJ., concur. **[Prior Case History: 20 Misc 3d 1138(A), 2008 NY Slip Op 51783(U).]**