In the Matter of PENZIM PRODUCE CORP., Appellant, v NEW YORK CITY DEPARTMENT OF CONSUMER AFFAIRS, Respondent. [919 NYS2d 201]—

The petitioner is licensed by the New York City Department of Consumer Affairs (hereinafter the Department) to maintain sidewalk stands in front of its store for the display of fruits and vegetables. The petitioner brought this CPLR article 78 proceeding to challenge the Department's determination that it violated Administrative Code of the City of New York § 20-237 (b) by maintaining stands that exceed five feet in width, contending, inter alia, that the Department reached this conclusion by misinterpreting the subject Administrative Code provision. The Supreme Court denied the petition and, in effect, dismissed the proceeding. We affirm.

Courts apply the "arbitrary and capricious" standard of review to challenges to an agency's interpretation or application of a statute or regulation (*see* CPLR 7803 [3]; *Matter of Jennings v New York State Off. of Mental Health*, 90 NY2d 227, 239 [1997]; *Matter of Jennings v Commissioner, N.Y.S. Dept. of Social Servs.*, 71 AD3d 98, 108-109 [2010]; *Matter of Pro Home Bldrs., Inc. v Greenfield*, 67 AD3d 803, 805 [2009]). Here, the Department's determination that the petitioner violated Administrative Code § 20-237 (b) by maintaining sidewalk stands that exceed five feet in width was not arbitrary and capricious. Administrative Code § 20-237 (b) provides that where the sidewalk in front of a retail establishment is at least 16 feet wide, a sidewalk stand "shall not exceed ten feet in length nor five feet in width as long as a straight, unobstructed pathway of at least nine and one-half feet is maintained at all times on the sidewalk in front of the entire length of the premises." The petitioner's contention that its sidewalk stands do not have to comply with the dimensional requirements of Administrative Code § 20-327 (b) as long as 9½ feet of the sidewalk remains unobstructed is contrary to the plain and unambiguous language

of this provision, which both restricts the maximum dimensions of sidewalk stands and requires the maintenance of an unobstructed pathway of at least 9½ feet.

The petitioner's remaining contentions are without merit. Rivera, J.P., Dickerson, Eng and Lott, JJ., concur.