OPINION OF THE COURT
Barbara G. Zambelli, J.
It is ordered and adjudged that this petition is disposed of as follows:
Petitioner Center for Safety Inc. is a domestic corporation with its principal place of business at 207 E. Post Road White Plains, New York. On or about October 4, 2011, respondent Barbara J. Fiala, Commissioner of the New York State Department of Motor Vehicles, issued petitioner a drivers’ school license number 6360, which authorized petitioner to conduct a “driving school of instruction for hire in driving motor vehicles or motorcycles.” (Administrative Record [AR] at 9.) By letter dated December 27, 2011, respondent revoked petitioner’s drivers’ school license, stating, “New York State Department of Motor Vehicles has received information that Yehezkel Elia, a corporate officer and President of Center for Safety, Inc., has a felony conviction. Therefore, effective immediately, the driving school license number 6360 issued to Center for Safety, Inc. is hereby revoked.” (AR at 211.) The letter continues, in relevant part, as follows:
“New York State Vehicle and Traffic Law (VTL) Section 394.5 states ‘the commissioner or any employee of the Department of Motor Vehicles deputized by him, may suspend or revoke a license or refuse to issue a renewal thereof for any of the following causes:’
“• Section 394.5(a): ‘the conviction of the licensee or any partner, officer, agent or employee of such licensee, of a felony, or of any crime involving violence, dishonesty, deceit, indecency or moral *463 turpitude.’ The Department has received information that, on or about July 2008, Yehezkel Elia ‘. . . was convicted of conspiracy, tax evasion, and subscribing to false corporate and individual tax returns.’
“• Section 394.5(b): ‘where the licensee has made a material false statement or concealed a material fact in connection with his application for a license or a renewal thereof.’ The driving school license application submitted by Jennifer and Yehezkel Elia, on or about July 2011 regarding the changes to the corporate structure of Center for Safety, Inc., contained a false statement in which Mr. Elia failed to disclose his felony conviction, thereby making a false statement on an application to the Commissioner of Motor Vehicles.
“• Section 394.5(c): ‘where the licensee has failed to comply with any of the provisions of this section or any of the rules and regulations of the commissioner made pursuant thereto.’ Jennifer Elia and Yehezkel Elia knowingly made a false statement on an application to the commissioner.”
“Additionally, VTL Section 394.6 states:
“ ‘Except where a refusal to issue a license or renewal, or revocation or suspension is based solely on a court conviction or convictions, a licensee or applicant shall have an opportunity to be heard, such hearing to be held at such time and place as the commissioner shall prescribe.’
“As this revocation is based upon your felony conviction, issued solely by a federal court, you do not have a right to a hearing to dispute our decision.” (Id. at 211-212.)
Petitioner brings this CPLR article 78 proceeding seeking a judgment and order “prohibiting the Respondent from revoking” the petitioner’s drivers’ school license. Petitioner’s president Yehezkel Elia (Elia) does not dispute that he was convicted of the felony, nor does he dispute that he incorrectly checked “no” on his application where it asked if he had “ever been convicted of a felony, or of any crime, involving violence, dishonesty, deceit, indecency, degeneracy or moral turpitude” (Elia affidavit, 1Í1I 9 n 1; 15-17). Rather, Elia argues that there is an “explanation for [his] error” because he thought that the reference on the application to “violence, dishonesty, deceit, *464 indecency, degeneracy or moral turpitude” were references to specific felonies (id. IT 17). Elia also argues that he struggles with the English language, as demonstrated by spelling and grammatical errors in his responses to the personal history document (id. 1118; verified petition, exhibit 5). He also contends that respondent abused her discretion in imposing revocation as a penalty, as he submits that such a penalty is not mandatory under the statutory scheme, and under the circumstances herein, he alleges that it is “harsh and severe” and thus unjustified. Petitioner further argues that respondent’s decision was arbitrary and capricious because the record fails to contain any basis for the imposition of revocation as a penalty. Lastly, petitioner argues that the respondent’s determination should be annulled because Elia has resigned his corporate office “in the hope that the Court will view his act as conciliatory for the transgression herein.” (Light reply affirmation, 1Í 33, exhibit 1 thereto.)
Respondent opposes the petition and argues that the record supports her determination, as it demonstrates that petitioner was convicted of conspiracy, tax evasion and subscribing to false corporate and individual tax returns; accordingly, respondent submits, petitioner’s license was appropriately revoked in accordance with Vehicle and Traffic Law § 394 (5) (a). Respondent contends that “[bjecause the plain language of the applicable statute supports the Commissioner’s decision, the court’s inquiry ends, and the instant petition should be denied.” (Verified answer and objections in point of law 1Í12.) Respondent argues that Elia’s conviction for a crime involving dishonesty or deceit by itself warranted the revocation penalty, but notes that Elia also denied having this conviction on petitioner’s application, which respondent submits, is a material false statement that also on its own supports revocation of petitioner’s license. As to Elia’s claim of difficulty with the English language, respondent notes that Elia received a B.S. degree from Adelphi University in 1977 (AR at 97) and passed a written road test in English to be a driving instructor, which included a section for written responses, which Elia completed in English (AR at 89-93). Accordingly, respondent submits that the petition should be denied.
In reviewing the actions of an administrative agency, courts must assess whether the actions at issue were taken without sound basis in reason and without regard to the facts (Matter of County of Monroe v Kaladjian, 83 NY2d 185, 189 [1994], citing Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 *465 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231 [1974]). The agency’s determination need only be supported by a rational basis. (Id.; Matter of Jennings v Commissioner, N.Y.S. Dept. of Social Servs., 71 AD3d 98, 109 [2d Dept 2010].) Unless the agency’s determination was arbitrary and capricious, it must be sustained (see Matter of Jennings v Commissioner, N.Y.S. Dept. of Social Servs.; Matter of Cortlandt Nursing Care Ctr. v Whalen, 46 NY2d 979, 980 [1979]).
As an initial matter, it is noted that respondent failed to set forth findings of fact in regard to the imposition of revocation of petitioner’s drivers’ school license as the penalty herein. The statute provides that respondent “may suspend or revoke” a drivers’ school license for any of the causes set forth in the statute (Vehicle and Traffic Law § 394 [5]); thus, the penalty to be imposed is at respondent’s discretion (cf. Matter of Caso v New York State Pub. High School Athletic Assn., 78 AD2d 41, 48 [4th Dept 1980]). Findings of fact which demonstrate actual grounds of a determination are necessary for intelligent judicial review of an administrative determination (Matter of Paloma Homes, Inc. v Petrone, 10 AD3d 612, 613 [2d Dept 2004]; Matter of South Blossom Ventures, LLC v Town of Elma, 46 AD3d 1337, 1338 [4th Dept 2007], lv dismissed 10 NY3d 852 [2008]). Other than the indication in the record that the respondent “prefer[red] to revoke” the license (AR at 7), the record is devoid of any basis for the selection of revocation as the penalty to be imposed against petitioner. While respondent argues in its objections in point of law herein that Elia’s conviction for conspiracy, tax evasion and subscribing to false corporate and individual tax returns involved “dishonesty and deceit” which justified respondent’s revocation of petitioner’s license (verified answer 1112), respondent did not invoke this ground (or any other ground, for that matter) as a basis for imposing revocation as a penalty for Elia’s violations of the statute (AR at 211-212).
“A fundamental principle of administrative law long accepted by this court limits judicial review of an administrative determination solely to the grounds invoked by the agency, and if those grounds are insufficient or improper, the court is powerless to sanction the determination by substituting what it deems a more appropriate or proper basis.” (Matter of Consolidated Edison Co. of N.Y. v Public Serv. Commn., 63 NY2d 424, 441 [1984], quoting Matter of Trump-Equitable Fifth Ave. Co. v Gliedman, 57 *466 NY2d 588, 593 [1982].)
As respondent failed to invoke the nature of Elia’s crime as a basis for the imposed penalty, this court cannot now accept respondent’s current contention that it justifies the penalty imposed upon petitioner. However, while in the ordinary case the court would remit the matter to the respondent for reconsideration and the making of specific factual findings in proper form, respondent’s determination herein is affected by a further error which requires that it be reversed.
Respondent’s determination must be reversed because respondent erroneously interpreted Vehicle and Traffic Law § 394 (6) as relieving her of the obligation to hold a hearing in this matter. While courts will defer to an agency’s interpretation of a governing statute where the interpretation is not irrational and special knowledge of factual data or operational practices are necessary for interpreting that statute, where the question is one of pure legal interpretation of statutory terms, deference to the agency is not required (Matter of Pro Home Bldrs., Inc. v Greenfield, 67 AD3d 803, 805 [2d Dept 2009]). The starting point of any statutory interpretation must be the plain meaning of the statutory language, since it is the clearest indicator of legislative intent (Harbor View at Port Washington Home Owners Assn., Inc. v W.J. Harbor Ridge, LLC, 74 AD3d 748, 749 [2d Dept 2010]). Moreover, in
“ ‘ “construing statutes, it is a well-established rule that resort must be had to the natural signification of the words employed, and if they have a definite meaning, which involves no absurdity or contradiction, there is no room for construction and courts have no right to add to or take away from that meaning” ’ ” (Matter of Pro Home Bldrs., Inc. v Greenfield at 805, quoting Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 583 [1998]; Matter of Schmidt v Roberts, 74 NY2d 513, 520 [1989]).
In the December 27, 2011 letter to petitioner revoking its drivers’ school license, respondent set forth three separate bases for the revocation — Elia’s felony conviction, pursuant to Vehicle and Traffic Law § 394 (5) (a), the material false statement in his application, pursuant to Vehicle and Traffic Law § 394 (5) (b) and failure to comply with the rules and regulations of the commissioner, pursuant to Vehicle and Traffic Law § 394 (5) (c) (AR at 211-212). Pursuant to the plain language of Vehicle and Traffic Law § 394 (6), a licensee is entitled to a hearing wherein *467 it will have an opportunity to be heard regarding a revocation except where such revocation is “based solely on a court conviction or convictions” (emphasis added). The Merriam-Webster dictionary defines “solely” as “without another” or “to the exclusion of all else.”[1] As evidenced by respondent’s December 27, 2011 letter, the revocation of petitioner’s license was clearly based on other grounds in addition to his felony conviction. While the license revocation based upon Vehicle and Traffic Law § 394 (5) (b) and (c) may factually relate to petitioner’s felony conviction, these grounds require more than just the fact that petitioner was convicted of a felony, as the “material false statement” made by petitioner involved him denying that felony conviction and the same behavior was also interpreted by respondent as a failure to comply with the rules and regulations of the department.[2] Construing the statute in such a way so as to include other grounds that are based upon a felony conviction would require reading the word “solely” out of the statute. By including it in the statutory text, the legislature is presumed to mean what it says (Matter of Schmidt v Roberts). Accordingly, as respondent chose to base the revocation of petitioner’s license on grounds additional to Elia’s felony conviction, the revocation of the same without a hearing on these grounds was in violation of Vehicle and Traffic Law § 394 (6).
Accordingly, the petition is granted insofar as the respondent’s determination is annulled as being in error of law. The matter is hereby remanded to respondent for a hearing pursuant to Vehicle and Traffic Law § 394 (6) on whether petitioner “made a material false statement or concealed a material fact in connection with his application,” as set forth in Vehicle and Traffic Law § 394 (5) (b), and whether petitioner “failed to comply with any of the provisions of [Vehicle and Traffic Law § 394] or any of the rules and regulations of the commissioner made pursuant thereto,” as set forth in Vehicle and Traffic Law § 394 (5) (c). In addition to holding a hearing as set forth above, respondent must set forth in the record the bases for her findings and determinations, as well as the basis of any penalty she may choose to impose upon petitioner, including the suspension or *468 revocation of petitioner’s driver’s school license, so as to enable intelligent judicial review of respondent’s determination.

. http://www.merriam-webster.com/dictionary/soIeIy

. It is also noted that to the extent that petitioner admits that he has a felony conviction, he disputes that he intentionally made a material false statement on his application and thus failed to comply with the respondent’s rules and regulations.