In a proceeding pursuant to CPLR article 78 to review a determination of the New York City Employees’ Retirement System dated August 30, 2007, which denied the petitioner’s request for service credit for his prior employment with the New York City Department of Environmental Protection for purposes of determining his retirement benefits from the New York City Department of Correction, the City of New York and the New York City Employees’ Retirement System appeal from a judgment of the Supreme Court, Kings County (Vaughan, J.), dated April 6, 2011, which granted the petition.
Ordered that the judgment is affirmed, with costs.
In October 2009, the petitioner, a retired officer with the New York City Department of Correction (hereinafter the DOC), *786 commenced a CPLR article 78 proceeding against the appellants, the City of New York and the New York City Employees’ Retirement System (hereinafter the NYCERS), challenging the NYCERS’s determination regarding the calculation of the petitioner’s retirement benefits under the tier 3 CO-20 retirement plan of which he was a member. The petitioner argued that the NYCERS erred in denying him service credit for his prior employment with the New York City Department of Environmental Protection. The appellants argued that, pursuant to Retirement and Social Security Law § 504-a, as a member of the tier 3 CO-20 retirement plan, the petitioner was not entitled to service credit for his civilian service before he began working for the DOC. The Supreme Court granted the petition.
“An agency’s interpretation of the statutes and regulations that it administers must be given great weight and judicial deference, so long as the interpretation is neither irrational, unreasonable nor inconsistent with the governing statute” (Matter of Ruggiere v Bloomberg, 55 AD3d 840 [2008], quoting Matter of Toys “R” Us v Silva, 89 NY2d 411, 418-419 [1996] [internal quotation marks omitted]). “Where, however, the question is one of pure legal interpretation of statutory terms, deference to the agency is not required” (Matter of Pro Home Bldrs., Inc. v Greenfield, 67 AD3d 803, 805 [2009] [internal quotation marks omitted]). Here, the NYCERS’s interpretation of the term “credited service,” pursuant to Retirement and Social Security Law § 504-a, was irrational, unreasonable, and inconsistent with the other applicable statutes governing the retirement benefits of officers employed with the DOC (see Retirement and Social Security Law § 504-a [b], [c]; Retirement and Social Security Law § 445-a; Administrative Code of City of NY § 13-155 [a] [3] [c]). Under the circumstances presented here, for purposes of calculating his retirement benefits, the petitioner was entitled to have his credited service include his civilian service with the City of New York. Accordingly, the Supreme Court properly granted the petition. Mastro, J.P., Lott, Roman and Cohen, JJ., concur.