Van Voorhis, J.
Two of these three criminal prosecutions involve the crime of assault in the third degree. Radunovic and Roccaforte stand convicted of that crime and are appellants in this court. Sigismondi’s indictment was dismissed upon motion and the People appeal. He was indicted on two counts for assault in the second degree and upon a third count of possessing a dangerous weapon. In each instance the intermediate appellate court affirmed the disposition made by the trial court. Each concerns whether corroboration is required of the testimony of a female that there was a completed act of rape, in instances where the People have elected to prosecute on the basis of a crime ostensibly unrelated to a charge of rape or where the jury has found a defendant guilty of an unrelated crime upon evidence which, if believed, would render the accused guilty of rape or assault with attempt to commit rape. The Legislature has currently provided that corroboration of the testimony of complainant is required to sustain charges of adultery and incest (Penal Law, § 255.30), promoting prostitution (id., § 230.35) and of the sexual offenses punishable under article 130 of the Penal Law (§ 130.15) which include sexual misconduct (§ 130.20), rape (§§ 130.25, 130.30, 130.35), sodomy (§§ 130.40, 130.45, 130.50) and sexual abuse in the first and second degrees (§§ 130.60,130.65). This well-defined legislative policy has been extended by the courts to endangering the health and morals of a minor, assault with intent to commit rape and attempted rape where the charge is supported by evidence of a consummated rape (People v. Lo Verde, 7 N Y 2d 114; People v. English, 16 N Y 2d 719, and People v. Colon, 16 N Y 2d 988). Wigmore cites many instances to prove the needfulness of these rules (3 Wigmore, Evidence [3d ed.], § 924a). If this were not the rule, then it would be easy for a prosecutor or a Grand Jury to evade the requirement of corroboration by charging assault with intent to commit rape or third degree assault.
*190 In each of these appeals there is no evidence of assault except the testimony of the woman as to a consummated rape.
Where the statutory requirement of corroboration applied under the former rape statute (former Penal Law, § 2013), the corroboration must extend to every material fact essential to constitute the crime (People v. Page, 162 N. Y. 272, 274-275; People v. Croes, 285 N. Y. 279). The bruise on the thigh of the complainant in the Radunovic case, and the fact that the woman had consulted her obstetrician, soon before the alleged assault, who had found her hymen intact and then consulted him afterward only to discover that it had been broken, do not constitute sufficient corroboration of her testimony that she was raped by that defendant. In the Roccaforte case there is even less evidence of corroboration. The indictment in the Sigismondi case which was dismissed on motion does not refer to rape but, as was said by Criminal Term (49 Misc 2d 1, 8), the ‘‘ ‘ rights of an accused may not be made to depend on the happenstance of draftsmanship ’ ”, citing People v. Mussenden (308 N. Y. 558, 561), and the testimony before the Grand Jury demonstrated that the only evidence of an assault which was before the 'Grand Jury consisted of testimony of the complaining witness that she had been raped and that the knife was only dangerous as a threat to cause her to submit to the rape to which she testified.
The judgment appealed from in the Radunovic case should be reversed and the indictment dismissed.
The order in the Sigismondi case should be affirmed.
The judgment in the Roccaforte case should be reversed and the information dismissed.