■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HUGO ROMAN, Appellant.—Judgment of the Supreme Court, Bronx County, rendered October 28, 1976, convicting defendant after a jury trial of the crime of rape in the first degree and sentencing him to an indeterminate term of from 5 to 15 years, unanimously reversed, on the law, and the indictment dismissed. Defendant was charged with the commission of rape in the first degree, and other crimes of which he was either acquitted or the charges were dismissed. The crime of rape in the first degree of which he was convicted was alleged to have occurred on the night of April 30, 1972. The Penal Law at that time (Penal Law, former § 130.15) mandated that each and every element of that crime be corroborated. No evidence was elicited at the trial to support the testimony of sexual intercourse or that force of any kind was used on the complainant (see *People v Radunovic,* 21 NY2d 186). In fact, defendant was acquitted of a charge of possession of a weapon as a felony which weapon was alleged to have been used in the commission of the rape. Concur—Kupferman, J. P., Birns, Silverman, Fein and Markewich, JJ.

■ STEPHEN FISHER, Respondent, v MARVIN SCHUR et al., Appellants.—Order, Supreme Court, New York County, entered September 26, 1977, denying defendants' motion to dismiss the complaint, is unanimously reversed, on the law, with $60 costs and disbursements of this appeal to appellants, and the motion is granted and the complaint is dismissed pursuant to CPLR 3211 (subd [a], par 7) on the ground that the complaint fails to state a cause of action, without prejudice however to an application by plaintiff at Special Term, within 30 days after service upon respondents by appellant of a copy of the order determining this appeal, for leave to serve an amended complaint upon a proper showing pursuant to CPLR 3211 (subd [e]) sufficient to satisfy the court that plaintiff has good ground to support the cause of action proposed to be alleged in such a proposed amended complaint. The present complaint contains no allegation of any false or defamatory statements by defendants or any facts giving rise to a duty on the part of defendants affirmatively to inform plaintiff as to the matters the complaint alleges plaintiff was not informed of. Further, the alleged defamatory statement in the second cause of action is protected by qualified privilege. As the complaint was prepared by plaintiff, a layman, we do not foreclose him from applying at Special Term for leave to serve an amended complaint, provided he can satisfy Special Term that he has good legal and factual ground for his cause of action. Concur—Kupferman, J. P., Birns, Silverman, Fein and Markewich, JJ.