■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRAD THURSTON, Appellant. [619 NYS2d 465] —Judgment unanimously reversed on the law and new trial granted. Memorandum: Defendant appeals from a judgment, following a jury trial, convicting him of two counts of sodomy in the first degree, two counts of sexual abuse in the first degree, and two counts of endangering the welfare of a child. Contrary to defendant's contention, County Court's supplemental instructions did not constructively amend the indictment to permit the jury to consider a time period not alleged in the indictment, but rather clarified the time frame of "on or about" July 20, 1991 as set forth in the indictment *(see, People v Morris,* 61 NY2d 290, 294). Moreover, because defendant maintained as his defense that there was no birthday party at any time in 1991, at which the sexual abuse allegedly occurred, the supplemental instructions did not prejudice defendant's defense.

Various evidentiary rulings of the court were erroneous, however, and denied defendant a fair trial. Defendant subpoenaed the records of the two young victims from the children's center where they had disclosed the abuse and received counselling. After an in camera review of those records, the court noted that they were illegible and contained nothing "that would bolster or support anything that hasn't been said in this courtroom already". Defendant objected. The right of compulsory process guaranteed by the Sixth and Fourteenth Amendments extends to the production of documents as well as to live witnesses *(People v Gissendanner,* 48 NY2d 543, 548). Although a subpoena duces tecum may not be used to ascer-

tain the existence of evidence, it is permissible to compel production of specific documents that are relevant and material to issues in a pending judicial proceeding *(Matter of Terry D.,* 81 NY2d 1042, 1044). Defendant maintains that those records were material to his defense that the children were manipulated and that the sexual abuse allegations had been suggested to them by others who had a vendetta against him. We conclude that defendant sufficiently established that the children's records were material to his defense and that the court erred in withholding the records from him *(see, People v Gissendanner, supra; see also, Pennsylvania v Ritchie,* 480 US 39). The court compounded its error when it refused to allow defendant's expert to testify because he had not reviewed the records from the children's center. Those were the records to which the court had previously denied defendant access.

We have reviewed the other issues raised by defendant and conclude that they are without merit. (Appeal from Judgment of Onondaga County Court, Mulroy, J.—Sodomy, 1st Degree.) Present—Denman, P. J., Green, Balio, Wesley and Callahan, JJ.