# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

414

KA 10-02011

PRESENT: SMITH, J.P., FAHEY, PERADOTTO, LINDLEY, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

RICHARD M. WILDRICK, DEFENDANT-APPELLANT.

---

BRIDGET L. FIELD, BATAVIA, FOR DEFENDANT-APPELLANT.

R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA (JEFFREY L. TAYLOR OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Ontario County Court (Craig J. Doran, J.), rendered July 21, 2009. The judgment convicted defendant, upon a jury verdict, of sexual abuse in the first degree, sexual abuse in the second degree and endangering the welfare of a child (two counts).

It is hereby ORDERED that the judgment so appealed from is reversed as a matter of discretion in the interest of justice and on the law, counts five and eight of the indictment are dismissed, and a new trial is granted on the remaining counts of the indictment.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of sexual abuse in the first degree (Penal Law § 130.65 [3]), sexual abuse in the second degree (§ 130.60 [2]), and two counts of endangering the welfare of a child (§ 260.10 [1]). We agree with defendant that the two counts of endangering the welfare of a child of which he was convicted are time-barred inasmuch as the acts charged therein occurred more than two years prior to the filing of the indictment (*see* Penal Law § 260.10; CPL 30.10 [2] [c]; *People v Heil*, 70 AD3d 1490). Although defendant failed to preserve that issue for our review, we nevertheless exercise our power to review it as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). We therefore dismiss the fifth and eighth counts of the indictment (*see People v Wise*, 49 AD3d 1198, 1200, *lv denied* 10 NY3d 940, 966).

Contrary to the further contention of defendant, the conviction of sexual abuse in the first and second degrees is supported by legally sufficient evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). In addition, viewing the evidence in light of the elements of those crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict convicting him of those crimes is not against the weight of the evidence (*see generally Bleakley*, 69

NY2d at 495).

We further agree with defendant, however, that County Court erred in denying his renewed application for subpoenas duces tecum with respect to the victims' school records. Defendant renewed his pretrial application for the subpoenas duces tecum after the People elicited testimony at trial from the mother of the victims to the effect that the victims' behavior had changed after the crimes took place. Specifically, the mother testified that the younger victim's behavior at school was "[u]p and down, all over the place" until he reported the sexual abuse two years later. According to the mother, after the younger victim reported the sexual abuse, it was as though a "light switch[ed]. Everything got better. He liked school. Everything changed." The mother further testified that she communicated with the victims' teachers and school counselors "[e]very single day" during the two-year period at issue. Based on the mother's testimony concerning the victims' behavior at school, we conclude that the court erred in failing to conduct an in camera review of the victims' school records to determine whether disclosure of at least a portion of those records was appropriate.

The purpose of a subpoena duces tecum is to "compel the production of specific documents that are relevant and material to facts at issue in a pending judicial proceeding. The relevant and material facts in a criminal trial are those bearing upon 'the unreliability of either the criminal charge or of a witness upon whose testimony it depends' " (*People v Kozlowski*, 11 NY3d 223, 242, *rearg denied* 11 NY3d 904, *cert denied* ___ US ___, 129 S Ct 2775, quoting *People v Gissendanner*, 48 NY2d 543, 550). A defendant is not, however, required to show that the records sought are " 'actually' relevant and exculpatory" (*id.*, quoting *Gissendanner*, 48 NY2d at 550). Rather, a defendant need only "proffer a good faith factual predicate sufficient for a court to draw an inference that specifically identified materials are reasonably likely to contain information that has the potential to be both relevant and exculpatory" (*id*. at 241; *see Gissendanner*, 48 NY2d at 550). Here, the school records had the potential not only to contradict and therefore to impeach the mother's testimony, but they also had the potential to reveal information "relevant and material to the determination of guilt or innocence" (*Gissendanner*, 48 NY2d at 548). Indeed, if the mother's testimony concerning the alleged change in behavior was not borne out by the school records, the records would undermine her testimony as well as the children's accusations of sexual abuse, thus tending to support the theory of the defense that the accusations were fabricated. We thus conclude that defendant "sufficiently established that the children's records were material to his defense and that the court erred in withholding the records from him" (*People v Thurston*, 209 AD2d 976, 977, *lv denied* 85 NY2d 915). That error cannot be deemed harmless inasmuch as the proof of guilt, which consists largely of the victims' accusations, is not overwhelming, and it cannot be said that there is no significant probability that the jury would have acquitted defendant if not for the error (*see generally People v Grant*, 7 NY3d 421, 424; *People v Crimmins*, 36 NY2d 230, 241-242; *cf. People v Morris*, 153 AD2d 984, *lv denied* 75 NY2d 922). We therefore reverse

the judgment of conviction with respect to the remaining counts of the indictment of which defendant was convicted, i.e., sexual abuse in the first and second degrees, and we grant a new trial on those counts (*see Thurston*, 209 AD2d at 976-977).

Although we are granting a new trial on other grounds and thus need not address defendant's contention that reversal is required based on prosecutorial misconduct on summation, we nevertheless express our disapproval of several of the prosecutor's comments on summation, which exceeded the bounds of proper advocacy. For example, the prosecutor argued that, "in the [d]efendant's mind, he hadn't hurt the [victims]. He has given them a gift. He has given them the gift of his sexual encounter with them. He doesn't think that he has hurt these kids by touching them in their genital area when they are underage and forcing his hands upon them or making [one of the victims] touch him as well. He doesn't think he has hurt these kids because he has given them a gift." There is no basis in the record for such comments by the prosecutor, who thereby improperly inflamed the jury with those unsubstantiated comments (*see generally People v Ashwal*, 39 NY2d 105, 110; *People v Collins*, 12 AD3d 33, 39-40). Similarly, the prosecutor stated on summation that the older victim withheld certain details about the sexual abuse because the victim was "worried that the people are going to think that he might be gay," and in later repeating that statement, the prosecutor commented that "[i]t was awkward and embarrassing for [the older victim] to think, as mentioned, that people would think that [he] was gay because the [d]efendant made [him] touch him." Again, there is no basis in the record to support those comments (*see Ashwal*, 39 NY2d at 109-110; *Collins*, 12 AD3d at 39-40; *People v Clark*, 195 AD2d 988, 990). We thus take this opportunity to admonish the People that "summation is not an unbridled debate in which the restraints imposed at trial are cast aside so that counsel may employ all the rhetorical devices at his [or her] command. There are certain well-defined limits . . . . Above all [a prosecutor] should not seek to lead the jury away from the issues by drawing irrelevant and inflammatory conclusions which have a decided tendency to prejudice the jury against the defendant" (*Ashwal*, 39 NY2d at 109-110).

In light of our determination, we do not address defendant's remaining contentions.

All concur except SMITH, J.P., who dissents in part and votes to modify in accordance with the following Memorandum: I respectfully dissent in part. I agree with the majority that counts five and eight, charging defendant with endangering the welfare of a child (Penal Law § 260.10 [1]), are time-barred and therefore must be dismissed. I respectfully disagree with the majority's further conclusion, however, that County Court erred in denying defendant's renewed application for subpoenas duces tecum with respect to the victims' school records, and I therefore vote to modify by affirming the remainder of the judgment.

Prior to trial, defendant sought the issuance of subpoenas duces tecum to enable him to obtain the victims' school records. The court

denied that pretrial application on the ground that defendant failed to make the requisite factual showing that it was reasonably likely that the records would contain information bearing upon the victims' credibility.  When defendant renewed that application during trial, after the victims' mother testified, I conclude that the court properly denied his renewed application on the same ground.

"The proper purpose of a subpoena duces tecum, of course, is to compel the production of specific documents that are relevant and material to facts at issue in a pending judicial proceeding.  The relevant and material facts in a criminal trial are those bearing upon 'the unreliability of either the criminal charge or of a witness upon whose testimony it depends' " (*People v Kozlowski*, 11 NY3d 223, 242, *rearg denied* 11 NY3d 904, *cert denied* ___ US ___, 129 S Ct 2775). Here, the mother of the victims testified that the behavior of the victims changed after they were sexually abused, and that those changes encompassed certain behavior at school.  Defendant sought access to the victims' school records, indicating that the records might contain information establishing that the testimony of the victims and their mother was not credible.  In support of his application, however, defendant proffered absolutely no factual information establishing that the victims' school records contained any information regarding the purported changes in the victims' behavior.  Thus, defense counsel "made no pretense but that the records' contents would not directly bear on the hard issue of guilt or innocence; he cited no possible line of inquiry in which they might be employed beyond that of general credibility impeachment.  Even on that score, no basis was presented, in the form of information from any extraneous source or otherwise, to suggest that [the school records of the victims contained evidence of an] act on which one could premise an inference that impeachable material tending to affect [the] credibility [of the victims and their mother] was to be found in their files.  In short, nothing better than conjecture having been presented to the court, it acted well within its range of discretion in rejecting the application" (*People v Gissendanner*, 48 NY2d 543, 550).  Indeed, "the simple answer to this contention is that there emerged not the slightest inkling that the [victims' school] records contained any exculpatory material" (*id*. at 551).

Entered:  April 1, 2011                          Patricia L. Morgan
                                                 Clerk of the Court