We have considered and rejected defendant Pratt's pro se claims. Concur—Gonzalez, P.J., Tom, Catterson, Richter and Román, JJ.

■ In the Matter of DANDRE H., a Person Alleged to be a Juvenile Delinquent, Appellant. [932 NYS2d 696]—

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the court's credibility determinations.

The court properly permitted the five-year-old victim to give sworn testimony. The victim's voir dire responses established that he sufficiently understood the difference between truth and falsity, that lying was wrong, and that lying could bring adverse consequences (*see People v Nisoff*, 36 NY2d 560, 565-

566 [1975]; *People v Cordero*, 257 AD2d 372 [1999], *lv denied* 93 NY2d 968 [1999]). Furthermore, there was significant corroborating testimony provided by an adult family member. This witness entered the bedroom occupied by appellant and the victim, and saw indications that a sex act had just occurred.

To the extent certain testimony exceeded the bounds of the prompt outcry exception to the hearsay rule (*see People v McDaniel*, 81 NY2d 10, 16-17 [1993]), the error was harmless. In this nonjury trial, the court is presumed to have considered only proper evidence in reaching its verdict (*see People v Moreno*, 70 NY2d 403, 406 [1987]). Concur—Gonzalez, P.J., Tom, Catterson, Richter and Román, JJ.