# SUPREME COURT OF THE STATE OF NEW YORK
### *Appellate Division, Fourth Judicial Department*

**979**

**KA 11-00060**

PRESENT: FAHEY, J.P., PERADOTTO, CARNI, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

MARIA F. RAMIREZ, DEFENDANT-APPELLANT.

---

LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA (ERIC M. DOLAN OF COUNSEL), FOR DEFENDANT-APPELLANT.

R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA, FOR RESPONDENT.

---

Appeal from a judgment of the Ontario County Court (Craig J. Doran, J.), rendered August 3, 2010. The judgment convicted defendant, upon a jury verdict, of falsifying business records in the first degree, criminal mischief in the fourth degree and petit larceny.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting her upon a jury verdict of falsifying business records in the first degree (Penal Law § 175.10), criminal mischief in the fourth degree (§ 145.00), and petit larceny (§ 155.25). We reject defendant's contention that the evidence adduced at trial is legally insufficient to support the conviction of falsifying business records (*see generally People v Bleakley*, 69 NY2d 490, 495). Viewed in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621), the evidence established that defendant knowingly returned unpurchased merchandise at a Lord & Taylor store in exchange for store credit. Defendant then used the fraudulently obtained store credit to purchase several other items of merchandise before she left the store. Thus, the People established that defendant "cause[d] a false entry in the business records of an enterprise" (§ 175.05 [1]), i.e., that she returned merchandise that she had not in fact purchased, and that she thereby "inten[ded] . . . to aid or conceal [her] commission" of the crime of petit larceny (§ 175.10; *see People v Weaver*, 89 AD3d 1477, 1478; *People v Hopkins*, 28 AD3d 1244, 1244, *lv denied* 7 NY3d 790).

We reject defendant's further contention that the first count of the indictment, charging her with falsifying business records in the first degree, was rendered duplicitous by the evidence at trial and that it is unclear whether the jury reached a unanimous verdict concerning that count. The summations of the prosecutor and defense

counsel made it clear that defendant's return of merchandise she had not purchased, i.e., the "no receipt" transaction, was the sole cash register transaction that related to the count charging her with falsifying business records. Thus, there is an adequate basis in the record to connect that count of the indictment to a particular cash register transaction, and there is no danger that different jurors convicted defendant based on different cash register transactions involving defendant on the day in question (*see People v Mathis*, 8 AD3d 966, 967-968, *lv denied* 3 NY3d 709; *People v Drayton*, 198 AD2d 770, 770). Finally, defendant contends that prosecutorial misconduct on summation requires reversal. We reject that contention. "[A]ny improprieties [in the prosecutor's summation] were not so pervasive or egregious as to deprive defendant of a fair trial" (*People v Cox*, 21 AD3d 1361, 1364, *lv denied* 6 NY3d 753 [internal quotation marks omitted]).

Entered: October 5, 2012                              Frances E. Cafarell
                                                      Clerk of the Court