# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**587**

**KA 11-00147**

PRESENT: SCUDDER, P.J., CENTRA, CARNI, LINDLEY, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

LEPOLIA J. SPENCER, DEFENDANT-APPELLANT.

---

PETER J. DIGIORGIO, JR., UTICA, FOR DEFENDANT-APPELLANT.

LEPOLIA J. SPENCER, DEFENDANT-APPELLANT PRO SE.

SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (STEVEN G. COX OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered January 21, 2010. The judgment convicted defendant, upon a jury verdict, of rape in the second degree (three counts), criminal sexual act in the second degree (five counts), course of sexual conduct against a child in the first degree, rape in the third degree (two counts), criminal sexual act in the third degree (two counts) and endangering the welfare of a child.

It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice and on the law by reversing that part convicting defendant of endangering the welfare of a child under count 15 of the indictment and dismissing that count of the indictment, and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of one count each of course of sexual conduct against a child in the first degree (Penal Law § 130.75 [1] [b]) and endangering the welfare of a child (§ 260.10 [1]), three counts of rape in the second degree (§ 130.30 [1]; former § 130.30), five counts of criminal sexual act in the second degree (§ 130.45 [1]; former § 130.45), and two counts each of rape in the third degree (§ 130.25 [2]) and criminal sexual act in the third degree (§ 130.40 [2]). As the People correctly concede, the count charging endangering the welfare of a child should be dismissed as time-barred "inasmuch as the acts charged therein occurred more than two years prior to the filing of the indictment" (*People v Wildrick*, 83 AD3d 1455, 1456, *lv denied* 17 NY3d 803; *see* CPL 30.10 [2] [c]; Penal Law § 260.10). Although defendant failed to preserve that contention for our review, we nevertheless exercise our power to address it as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a];

*Wildrick*, 83 AD3d at 1456), and we modify the judgment accordingly.

We reject defendant's further contention that the counts of the indictment charging sexual offenses, with the exception of course of sexual conduct against a child in the first degree, were rendered duplicitous by the victim's trial testimony. The first six counts of the indictment charged defendant with various sex offenses arising from two incidents that occurred during the summer of 2000 at defendant's then residence, located in Utica. The victim testified in detail about those two incidents, during which defendant sodomized and raped her, and she then testified that the abuse "became a regular thing," happening several times a week until she left home at age 17, in 2006. The victim's testimony about the abuse continuing regularly until 2006 was relevant to the charge of course of sexual conduct against a child in the first degree, and we conclude that, in light of the victim's specific and detailed testimony about the first two incidents, there is no reasonable possibility that the jurors may have convicted defendant of any of the first six counts based on the general and vague testimony that followed (*see People v Tomlinson*, 53 AD3d 798, 799, *lv denied* 11 NY3d 835; *People v Weber*, 25 AD3d 919, 922, *lv denied* 6 NY3d 839; *cf. People v Bracewell*, 34 AD3d 1197, 1198). We note that it was clear from the prosecutor's summation that the first six counts related to the victim's detailed testimony about the two incidents that occurred in the summer of 2000 (*see People v Ramirez*, 99 AD3d 1241, 1242, *lv denied* 20 NY3d 988). For similar reasons, we conclude that counts eight, nine and 11 through 14 were not rendered duplicitous by the victim's testimony that certain previously described sexual acts recurred on a weekly basis.

We reject defendant's contention that the time periods specified for counts one through six, eight, nine, and 11 through 14 were too broad to permit him to prepare a defense. CPL 200.50 (6) requires that an indictment contain an allegation "that the offense charged therein was committed on, or on or about, a designated date, or during a designated period of time." As long as the period of time is not an essential element of the charged crime, a "reasonable approximation" is sufficient to comply with the statute (*People v Morris*, 61 NY2d 290, 292), especially where the crime was committed against a young victim, and was not immediately reported (*see id.* at 295-297; *People v Case*, 29 AD3d 706, 706-707, *lv denied* 7 NY3d 786; *People v Oglesby*, 12 AD3d 857, 858-859, *lv denied* 5 NY3d 792). Here, time is not an essential element of the crimes charged, and considering that the victim was a minor at the time that the crimes were committed and defendant was not arrested or indicted until several years later, we conclude that the use of a three-month "seasonal" period in the indictment was sufficiently specific (*see e.g. People v LaPage*, 53 AD3d 693, 694-695; *People v Dickens*, 48 AD3d 1034, 1035, *lv denied* 10 NY3d 958; *People v Furlong*, 4 AD3d 839, 840-841, *lv denied* 2 NY3d 739).

Defendant further contends that the court erred in allowing several prosecution witnesses, including the victim, to testify regarding his use of marihuana and crack cocaine. Because defendant did not object to such testimony, however, his contention is

unpreserved for our review (*see* CPL 470.05 [2]; *People v Marmulstein*, 6 AD3d 879, 881, *lv denied* 3 NY3d 660; *People v Mediak*, 217 AD2d 961, 962, *lv denied* 87 NY2d 848), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Defendant also failed to preserve for our review his contention that the evidence is legally insufficient to support the conviction of counts seven through nine, and 11 through 14.  In any event, viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), we conclude that there is a valid line of reasoning and permissible inferences to support the jury's finding that defendant committed the crimes of which he was convicted based on the evidence presented at trial (*see generally People v Bleakley*, 69 NY2d 490, 495).  With respect to the counts in question, the victim testified that defendant had "sexual intercourse" and "oral sex" with her.  Although defendant is correct that the victim did not specify what she meant by those terms, we note that she previously defined those terms during her testimony regarding counts one through six.  We thus conclude that the victim's initial description of what she meant by the terms "oral sex" and "sexual intercourse" (*see* Penal Law § 130.00 [1], [2] [a]), combined with the ordinary meanings of those terms, provided sufficient evidence to support defendant's conviction of the counts in question (*see People v Wyre*, 97 AD3d 976, 977, *lv denied* 19 NY3d 1030; *People v Workman*, 56 AD3d 1155, 1155-1156, *lv denied* 12 NY3d 789; *cf. People v Carroll*, 95 NY2d 375, 383-384).

Contrary to defendant's further contention, County Court did not err in admitting in evidence an undated letter written by defendant to the victim.  In the letter, which contains graphic sexual language, defendant berated the victim for having sexual relations with other men and stated that, as punishment, he "might as well prostitute your ass out."  The letter was admissible as an admission with respect to the count of endangering the welfare of a child, which was based, at least in part, on the victim's testimony that defendant agreed to allow a friend of his to have sex with her in return for drugs (*see People v Swart*, 273 AD2d 503, 505, *lv denied* 95 NY2d 908).  Moreover, the People laid a proper foundation for the admission of the letter inasmuch as the victim and her mother testified that they are familiar with defendant's handwriting and that the letter appeared to have been written by him (*see People v Clark*, 122 AD2d 389, 390, *lv denied* 68 NY2d 913).

We have reviewed defendant's remaining contentions in his main and pro se supplemental briefs and conclude that they lack merit.

Entered:  July 11, 2014                          Frances E. Cafarell
                                                 Clerk of the Court