# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1467

KA 14-01386

PRESENT: CENTRA, J.P., FAHEY, LINDLEY, SCONIERS, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                            MEMORANDUM AND ORDER

MATTHEW L. LOMAGLIO, DEFENDANT-APPELLANT.

---

THE ABBATOY LAW FIRM, PLLC, ROCHESTER (DAVID M. ABBATOY, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Joanne M. Winslow, J.), rendered January 14, 2014. The judgment convicted defendant, upon a nonjury verdict, of course of sexual conduct against a child in the second degree and endangering the welfare of a child.

It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice and on the law by reversing that part convicting defendant of endangering the welfare of a child under count two of the indictment and dismissing that count of the indictment, and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a nonjury verdict of course of sexual conduct against a child in the second degree (Penal Law § 130.80 [1] [a]) and endangering the welfare of a child (§ 260.10 [1]). Viewing the evidence in light of the elements of the crimes in this bench trial (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). Although a different verdict would not have been unreasonable (*see Danielson*, 9 NY3d at 348), we conclude that, "[b]ased on the weight of the credible evidence, [Supreme C]ourt . . . was justified in finding the defendant guilty beyond a reasonable doubt" (*id.; see People v Romero*, 7 NY3d 633, 642-643). " 'Great deference is to be accorded to the fact[]finder's resolution of credibility issues based upon its superior vantage point and its opportunity to view witnesses, observe demeanor and hear the testimony' " (*People v Gritzke*, 292 AD2d 805, 805-806, *lv denied* 98 NY2d 697), and we perceive no reason to disturb the court's credibility determinations.

Contrary to defendant's contention, the court did not err in allowing the People to present testimony regarding the victim's prompt complaint. The victim in this case made a prompt disclosure to his mother when he was in second grade that he was afraid of defendant, one of his gym teachers, that he did not want to go to gym class, and that he had a nightmare that defendant raped him. The testimony of the mother was admissible under the prompt outcry exception to the hearsay rule (*see People v Carfora*, 69 AD3d 751, 751, *lv denied* 14 NY3d 798, *reconsideration denied* 15 NY3d 748; *see generally People v Rosario*, 17 NY3d 501, 511). In any event, any error in admitting that testimony is harmless (*see Matter of Dandre H.*, 89 AD3d 553, 554; *People v Olsowske*, 247 AD2d 856, 857, *lv denied* 91 NY2d 1011). "In a bench trial, the court is presumed to have 'considered only competent evidence in reaching its verdict,' " and defendant has not shown "that the admission of inadmissible testimony prejudiced him" (*People v Gilbert*, 239 AD2d 906, 906, *lv denied* 90 NY2d 905; *see Dandre H.*, 89 AD3d at 554).

Also contrary to defendant's contention, the court properly allowed the People to present the testimony of an expert witness concerning child sexual abuse accommodation syndrome (CSAAS). That testimony was relevant to explain the victim's delayed disclosure of the actual sexual abuse, which he did not report until six years later (*see People v Carroll*, 95 NY2d 375, 387; *People v Gunther*, 67 AD3d 1477, 1478). Defendant's further contention regarding the People's use of hypotheticals in examining the CSAAS expert is not preserved for our review (*see People v Spicola*, 16 NY3d 441, 465-466, *cert denied* ___ US ___, 132 S Ct 400; *People v Mehmood*, 112 AD3d 850, 851-852). In any event, the expert's testimony did not exceed permissible bounds (*see Spicola*, 16 NY3d at 466). "Although some of the testimony discussed behavior similar to that alleged by the [victim] in this case, the expert spoke of such behavior in general terms" (*People v Diaz*, 20 NY3d 569, 575; *see People v Davis*, 118 AD3d 906, 907-908).

Defendant failed to preserve for our review his contention that the counts in the indictment are time-barred (*see People v Spencer*, 119 AD3d 1411, 1412, *lv denied* 24 NY3d 965). In any event, the count charging course of sexual conduct against a child in the second degree is not time-barred because the period of limitation did not begin to run until April 2012, when the victim disclosed the sexual abuse to his mother and she contacted a law enforcement agency (*see* CPL 30.10 [3] [f]). Contrary to defendant's contention, the period of limitation did not begin to run six years earlier inasmuch as no "offense" was "reported to a law enforcement agency or statewide central register of child abuse and maltreatment" (CPL 30.10 [3] [f]). "[T]he term 'the offense' [as used in CPL 30.10 (3) (f)] refers to a discrete criminal act or series of acts that satisfies the elements of a particular penal statute" (*People v Quinto*, 18 NY3d 409, 417). Here, the victim made a prompt disclosure of his fear of defendant, but did not report any offense.

As the People correctly concede, however, the count charging endangering the welfare of a child should be dismissed as time-barred.

The statute of limitations for that offense is two years (*see* CPL 30.10 [2] [c]), and the tolling provision of CPL 30.10 (3) (f) does not apply to that offense (*see People v Heil*, 70 AD3d 1490, 1491). Although, as noted, defendant's contention is unpreserved for our review, we exercise our power to address it as a matter of discretion in the interest of justice, and we modify the judgment accordingly (*see Spencer*, 119 AD3d at 1412). We reject defendant's further contention that he was denied effective assistance of counsel based on defense counsel's failure to move to dismiss the counts of the indictment as time-barred (*see People v Wise*, 49 AD3d 1198, 1200, *lv denied* 10 NY3d 940, *reconsideration denied* 10 NY3d 966). "[D]efense counsel's single omission did not 'so seriously compromise[] [the] defendant's right to a fair trial [as to] qualify as ineffective representation' " (*id.*).

Defendant failed to preserve for our review his contention that his waiver of the right to a jury trial was not knowing, voluntary, and intelligent (*see People v White*, 43 AD3d 1407, 1407, *lv denied* 9 NY3d 1010; *People v Jackson*, 26 AD3d 781, 781-782, *lv denied* 6 NY3d 849; *People v Williams*, 5 AD3d 1043, 1044, *lv denied* 2 NY3d 809). In any event, it is without merit (*see White*, 43 AD3d at 1407-1408; *Jackson*, 26 AD3d at 782; *Williams*, 5 AD3d at 1044). A waiver of the right to a jury trial must be in writing and signed by defendant in open court in the presence of the court, all of which occurred here (*see* CPL 320.10 [2]). "[T]here is nothing in the record which would have alerted the court to the possibility that defendant was not fully aware of the consequences of the waiver" (*People v Magnano*, 158 AD2d 979, 979, *affd* 77 NY2d 941, *cert denied* 502 US 864; *see* CPL 320.10 [2]). Finally, the sentence is not unduly harsh or severe.

Entered:  January 2, 2015                    Frances E. Cafarell
                                             Clerk of the Court