OPINION OF THE COURT
Robert I. Caloras, J.
The court decides this motion as follows:
According to the petition, respondent committed acts which, were he an adult, would constitute the crimes of sexual abuse in the second degree (Penal Law § 130.60 [2]) and forcible touching (Penal Law § 130.52 [1]). The complainant alleges in her supporting deposition that, on December 27, 2015 around 2:30 a.m., while sleeping at her Aunt E.’s house in Queens, New York, she woke up and found the respondent in bed with her and he put his hand under her clothing and touched her breasts, vagina and butt. She had not given him permission to touch her in this or any other manner. Respondent also, without permission, kissed complainant on her mouth, and slid her hand onto his penis. Thereafter, respondent fell asleep and complainant went into the bathroom at around 3:40 a.m. and texted her mother about needing to talk with her. There was no reply until later that day, and the complainant sent her mother a reply text message setting forth what respondent had done. After breakfast that day, the complainant spoke with Ashley O. and told her what respondent had done.
Caroline L., the complainant’s mother, alleges in her supporting deposition that around 8:00 a.m. on December 27, 2015 she saw the complainant had sent her a text message. Ms. L. responded to this text message at around 8:00 a.m. and complainant sent a reply text message stating what the respondent had done.
In the instant motion, the presentment agency is seeking an in limine ruling with respect to (1) whether testimony may be *1113 elicited with respect to the two instant messages and the subsequent statement made by the complainant, regarding the incident, under the prompt outcry exception to the hearsay rule; (2) whether two prior sexual abuse complaints and the complainant’s psychiatric history, contained in the detective’s paperwork and the assistant corporation counsel’s notes, should be disclosed, or in the alternative, to disclose these documents with the proposed redactions annexed to the instant motion; and (3) whether the respondent should be precluded from cross-examining the complainant regarding the prior sexual abuse complaints, and the complainant’s psychiatric history. The respondent has opposed.
Regarding the branch of the motion concerning the alleged prompt outcry statements, it is well settled that the testimony of a witness may not be corroborated or bolstered by evidence of prior consistent statements made before trial (People v McClean, 69 NY2d 426 [1987]). The basis for this rule is that “it is obviously a mistake to suppose that an untrustworthy story can be made trustworthy by proving numerous repetitions of it; and equally illogical does it appear to be to attempt to support a credible witness and reliable testimony by any such broken reed” (People v Katz, 209 NY 311, 342 [1913]). An exception to this general rule exists where the evidence is being used as a prompt outcry in sexual offense cases (People v McDaniel, 81 NY2d 10 [1993]).
Under the prompt outcry exception, evidence that a victim of a sexual assault promptly complained about such is admissible to corroborate an allegation that an assault occurred (see People v Caban, 126 AD3d 808 [2d Dept 2015], lv denied 27 NY3d 994 [2016]). The prompt outcry doctrine is rooted in the common-law rule of “hue and cry,” where all victims were required to prove they immediately alerted the community that a crime had occurred (see People v McDaniel at 16; see also Dawn M. DuBois, Note, A Matter of Time: Evidence of a Victim’s Prompt Complaint in New York, 53 Brook L Rev 1087, 1089 [winter 1988]). Traditionally it was held that the outrage in the case of rape
“upon a virtuous female is so great that there is a natural presumption that at the first suitable opportunity she would make disclosure of it; and she would be so far discredited if she did not make the disclosure, for the purpose of confirming her evidence where she is a witness, such disclosure *1114 may be received. But where the disclosure is not [close in time to the incident, or] as soon as suitable opportunity is furnished, the reason for receiving it in evidence does not exist, and the principle justifying its reception does not apply” (People v O’Sullivan, 104 NY 481, 486-487 [1887]).
The corroboration rule rested on policy considerations expressed in the penal statutes up until the 1970s, which insisted on clear proof of sexual misconduct because of general skepticism about accusations of misconduct which were easily made but difficult to disprove (People v Groff, 71 NY2d 101 [1987]). It was even stated that “[t]he law wisely recognizes that some complainants are designing or vicious,” and that “[i]f it were not for the rule of corroboration, a defendant would be at the mercy of an untruthful, dishonest or vicious complainant” (People v Yannucci, 258 App Div 171, 172 [2d Dept 1939], revd 283 NY 546 [1940]). This concern was most evident when the Court of Appeals, in People v Radunovic (21 NY2d 186 [1967]), held that testimony from a woman who was the victim of a consummated rape was not sufficient to sustain the rape charge since there was no corroboration of her testimony. This court notes that the concern was almost always directed at the female witness testifying against a male defendant. However, Judge Breitel’s concurring opinion in Radunovic is noteworthy for pointing out the following:
“The fact is that, in the light of modern psychology, this technical rule of corroboration seems but a crude and childish measure, if it be relied upon as an adequate means for determining the credibility of the complaining witness in such charges. The problem of estimating the veracity of feminine testimony in complaints against masculine offenders is baffling enough to the experienced psychologist. This statutory rule is unfortunate in that it tends to produce reliance upon a rule of thumb” (People v Radunovic at 191-192 [citation omitted]).
It was understood that because the corroboration requirement “impos[es] an evidentiary standard more befitting a public event, the law necessarily frustrates the prosecution of an inherently furtive act” (People v Linzy, 31 NY2d 99, 103 [1972]). To put a broader perspective on the prevailing attitude of society that contributed to the corroboration requirement in sexual assault cases, one can look at the marital exemption for rape. The justification for this exemption was “the common-law *1115 doctrines that a woman was the property of her husband,” and a man could not be guilty of raping his wife (see People v Liberta, 64 NY2d 152, 164 [1984]). This rule is largely attributed to a statement made by the seventeenth century English jurist Lord Hale, who wrote: “[T]he husband cannot be guilty of a rape committed by himself upon his lawful wife, for by their mutual matrimonial consent and contract the wife hath given up herself in this kind unto her husband, which she cannot retract” (1 Hale, History of Pleas of the Crown 629 [1736]). Fortunately the Court of Appeals determined in 1984 “that there is no rational basis for distinguishing between marital rape and nonmarital rape” (People v Liberta at 163), thereby extinguishing this exemption’s existence. In a similarly enlightened vein, the requirement for corroboration in sex crimes was largely abandoned when Penal Law § 130.15 was repealed in 1974 (L 1974, ch 14, § 1) and the remaining requirement for corroboration of sex offenses with respect to child victims was eliminated in 1984 (L 1984, ch 89) (People v Groff).
Although the statutory requirement for corroboration is no longer applicable, New York courts have permitted the prosecution to continue using the prompt outcry exception in sexual offense cases. The contemporary rationale for permitting prompt outcry evidence is that some jurors would inevitably doubt the veracity of a victim who failed to promptly complain of a sexual assault, such conduct being “natural” for an “outraged female” (People v Rice, 75 NY2d 929, 931 [1990]). Although it is neither unusual nor unreasonable for a rape victim to withhold a complaint, the admissibility of prompt outcry remains viable because “our judicial process cannot remove from every juror all subtle biases or illogical views of the world” (People v McDaniel at 17).
As noted above, the prompt outcry exception is necessary when corroboration is an element in a sexual offense case, and such testimony was perceived to be expected by both jurors and society. This exception is rooted in the same societal attitudes and beliefs that created the marital rape exemption, an interesting mixture of misogyny, condescension, and paternalism. This archaic ideal about a victim may very well still exist in a juror’s mind. However, a bench trial in twenty-first century New York does not present such concerns. The court is keenly aware of this long-standing doctrine, and the issues it presents at trial. However, the court is presumed to consider only admissible evidence in reaching a verdict, and not have its judgment *1116 clouded by arcane and inappropriate perceptions regarding human behavior. Moreover, this testimony is contrary to one of the fundamental principles of admitting evidence since it only bolsters the complainant’s allegations, and has no effect on her credibility. Therefore, for the reasons set forth above, it would be inappropriate to apply the prompt outcry doctrine in a bench trial. Accordingly, this court finds that the two instant messages the complainant sent to her mother on December 27, 2015 and the statement the complainant made to Ashley O. on December 27, 2015 are not admissible.
The remaining relief requested in the motion was determined on the record on August 5, 2016. Specifically, the court determined that it would conduct an in camera review of the unredacted records to determine what, if any, portions thereof containing information related to prior complaints of sexual abuse and the complainant’s psychiatric history in the detective’s paperwork and the assistant corporation counsel’s notes would be disclosed to the respondent. The presentment agency submitted to the court an unredacted copy of these documents on August 5, 2016. After reviewing these documents in camera, the court found that the redacted portion of these documents presented relevant and material information with respect to the allegations in the petition, and directed the presentment agency to disclose an unredacted copy of these documents to the respondent forthwith. The court further found that the prior complaint alleging sexual abuse by the complainant’s uncle in 2007 was admissible, and subject to cross-examination. The complaint alleging sexual abuse by the boyfriend or husband of the complainant’s prior babysitter in 2007 was not admissible. The complainant’s mental health records in these documents were admissible, and subject to cross-examination.