OPINION OF THE COURT
Gilbert A. Taylor, J.
Procedural History/Factual Findings
On August 17, 2016, the respondent D.R. was arraigned on a juvenile delinquency petition in which he was charged with incest in the third degree, in violation of Penal Law § 255.25, criminal sexual acts in the third degree, in violation of Penal Law § 130.40 (3), endangering the welfare of a child, in violation of Penal Law § 260.10 (1), and three counts of sexual abuse in the second degree, in violation of Penal Law § 130.55, for acts that allegedly occurred between June 15, 2016 and August 11, 2016 inside of his mother’s apartment in Bronx County, New York. P.R., the respondent’s 11-year-old sister, is the complaining witness in this matter. On this date, the respondent entered a general denial to all of the charges.
On September 15, 2016, the matter was conferenced and adjourned for the fact-finding hearing to begin on October 4, 2016. On this date the presentment agency stated its intention to call A.H., the mother of both the respondent and the complainant, as its first witness. Ms. H.’s deposition was annexed to the petition in this matter and set forth the substance of her testimony, which included her daughter P.R. telling her that the respondent asked P.R. to put her mouth on his penis, and that the respondent put his hand in P.R.’s pants and asked her if it felt good. Ms. H. further attests in her deposition that the respondent admitted to her that P.R. put her mouth on the respondent’s penis.
On October 4, 2016 the fact-finding hearing on this case began and A.H. was called as the presentment agency’s first witness. During her direct examination by the presentment agency, Ms. H. testified to the layout and configuration of her apartment in which the alleged incident took place and to the age of her children, including both the respondent and the *583 complainant; she testified that the respondent had used her cell phone; and she testified about her daughter P.R.’s school enrollment and classification as being academically delayed and emotionally disturbed. The presentment agency began questioning Ms. H. about statements made to her by the complainant on the morning of August 10, 2016 and the Attorney for the Child immediately objected on the basis that such statements would be hearsay. An offer of proof was made out of the presence of the witness, during which the presentment agency said that Ms. H. would testify to the complainant’s prompt outcry made to her alleging that the respondent had touched P.R.’s vagina and that the respondent forced PR. to put her mouth on his penis.
The presentment agency submitted case law supporting its position that the statement was not hearsay nor improper bolstering, as it met the requirements of a prompt outcry as denoted in People v McDaniel (81 NY2d 10 [1993]). In the alternative, the presentment agency argued that the statement was admissible under People v Ludwig (24 NY3d 221 [2014]) to complete the narrative of events that include statements made by the complainant to Ms. EL, and the respondent’s subsequent arrest. The Attorney for the Child filed the instant order to show cause, motion in limine seeking to preclude A.H.’s testimony regarding P.R.’s prompt outcry, and seeking reconsideration on the court’s decision that A.H.’s testimony regarding P.R.’s school setting and classification was admissible.
Legal Analysis
Evidence that a victim of a sexual assault promptly complained about the incident is admissible to corroborate the allegation that a sexual assault took place. (People v McDaniel, 81 NY2d 10, 16 [1993].) In order for such evidence to be admissible, the complaint of a sexual assault must have been made promptly after the crime “at the first suitable opportunity.” {Id. at 17.) A prompt outcry is only admissible if the complainant will testify at trial. {Id.)
The Attorney for the Child contends that the prompt outcry exception is based upon an archaic rationale evolving from the common-law rule of “hue and cry” where all victims were required to prove that they immediately alerted the community that a sexual crime had occurred. The Attorney for the Child also argues that the prompt outcry testimony should not be admissible at a bench trial relying upon the court’s decision in *584 Matter of Axel O. (53 Misc 3d 1111 [Fam Ct, Queens County 2016]), a recent decision from Queens County Family Court. Finally, the Attorney for the Child contends that the presentment agency has not laid the proper foundation necessary under the prompt outcry exception.
Notwithstanding the Attorney for the Child’s assertions related to the historical interpretation and application of the prompt outcry exception, the Appellate Division has routinely upheld the introduction of prompt outcry testimony at bench trials and has not ruled it to be inadmissible at a bench trial. The First, Second and Fourth Departments have all affirmed the use of prompt outcry testimony at trials, including fact-finding hearings in the Family Court. (Matter of Dandre H., 89 AD3d 553 [1st Dept 2011]; People v Penefort, 46 Misc 3d 141[A], 2015 NY Slip Op 50162[U] [App Term, 1st Dept 2015]; People v Urbina, 143 AD3d 924 [2d Dept 2016]; People v LoMaglio, 124 AD3d 1414 [4th Dept 2015].) This court is not bound by the decision in Matter of Axel O. and does not adopt the rationale put forth in that decision to exclude prompt outcry testimony.
The court rejects the Attorney for the Child’s argument that the requisite foundation has not been laid for the court to receive P.R.’s statement to her mother Ms. H. into evidence. The presentment agency is correct that the immediate lodging of the objection by the Attorney for the Child prevented the requisite foundation from being laid in this matter. The motion in limine was filed seeking a protective order against prejudicial questions and statements, in this case specific to the prompt outcry made by the complainant to her mother. The timing of the objection and the filing of this motion precluded the requisite foundation from being laid in this case and prevented the actual statements made by the complainant to the witness from being elicited during testimony in this case to date.
The Attorney for the Child argues that the statements made by the complainant to A.H., her mother, should not be admitted for the hearsay purpose of completing the investigative narrative. In support of her argument, the Attorney for the Child incorrectly cites only the concurring opinion in People v Ludwig (24 NY3d 221 [2014]). The presentment agency is correct in that the majority opinion of this case creates the controlling case law. The facts in Ludwig are very similar to the facts in the case at bar. In this case, the Court of Appeals held that the testimony in question was admissible for the nonhearsay purpose of explaining the investigative process and completing the narrative of events leading to the defendant’s arrest.
*585 The acts in question are alleged to have taken place in the home in which the witness A.H. resided with her children, including both the respondent and the complainant. This court fully understands that children will most often tell their parents when they have been harmed or aggrieved. Research has shown that children are most likely to initially disclose abuse to either a parent or same-aged friend (Priebe & Svedin, Child Sexual Abuse is Largely Hidden from the Adult Society: An Epidemiological Study of Adolescents’ Disclosures, 32 Child Abuse & Neglect 1095 [2008]; Shackel, Understanding Children’s Medium for Disclosing Sexual Abuse: A Tool for Overcoming Potential Misconceptions in the Courtroom, 16 Psychiatry, Psychol & Law 379 [2009]). In the instant case, the witness A.H.’s deposition clearly reflects statements made to her by her daughter, the complainant, about inappropriate interactions with the respondent. With the requisite foundation being laid, P.R.’s statements made to her mother can be admissible as both prompt outcry exceptions as well as statements which complete the narrative and explain the investigative process.
The Attorney for the Child also moves the court to strike the testimony elicited by A.H. about the complainant’s educational classifications. The Attorney for the Child contends that the witness can only know her daughter’s educational classification through hearsay. The witness testified that the child P.R. attends a New York City public school. New York State law requires parental consent for children to be evaluated for any educational classifications and promotes parental participation in the evaluative process. Furthermore, children who attend New York City public schools cannot be evaluated for special education services without their parents signing required consents for evaluations to take place. Parents and caretakers are encouraged to attend IEP meetings with their children so that they can participate in any decisions that are made about their child’s eligibility for special education services and programs. (8 NYCRR 200.4 [Procedures for referral, evaluation, individualized education program development, placement and review].) No evidence has been presented in this case to suggest that A.H., as P.R.’s mother, does not have personal knowledge of her daughter’s school setting and classification as the child P.R. could not have been given a classification without her mother’s active involvement in the process and affirmative consent.
In summary, the Attorney for the Child’s motion in limine is denied in it its entirety. The court does find that with the *586 requisite foundation being laid, the presentment agency can elicit testimony from the witness A.H. about statements made to her by her daughter P.R., the complainant in this case, about her interactions with the respondent D.R. Such testimony will only be considered after the complainant herself has testified in this matter. Furthermore, the request by the Attorney for the Child for the court to strike the testimony elicited from A.H. about her daughter’s educational classification is denied.